UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **MICHELL TORRES, ROBBIE JOHNSON-LOVEDAY, AMANDA CAMERON and BETHANY EDMOND** on behalf of themselves and those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**W. DOUGLAS COLLINS et al**<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 2:20-cv-26<br>)<br>)<br>)<br>) |

**DEFENDANTS' THIRD MOTION IN LIMINE TO PRECLUDE
INTRODUCTUION OF DECLARATION OF ELIZABETH BOU AND
INCORPORATED MEMORANDUM OF FACTS AND LAW
IN SUPPORT OF MOTION**

Come Defendants W. Douglas Collins, in his official capacity as Hamblen County General Session Judge, Teresa West, in her official capacity as Hamblen County General Sessions and Circuit Court Clerk, Katie West Moore, Nancy Phillips, and Kathy Robertson, in their official capacities as Judicial Commissioners of Hamblen County General Sessions Court and Esco R. Jarnagin, in his official capacity as Hamblen County Sheriff (collectively, the "Defendants")[1], by and through counsel, and respectfully move this court for an order precluding Michelle Torres, Robbie Johnson-Loveday, Amanda Cameron, and Bethany Edmond (collectively, the "Plaintiffs") from introducing or

---

[1] These Defendants were sued in their official capacities only. As such, these Defendants filed a Motion to Substitute Hamblen County, Tennessee in their place on March 6, 2020 [Doc. 37], given that a suit against an individual in his official capacity is the equivalent of a suit against the government entity. *Myers v. Potter*, 422 F.3d 347, 357 (6th Cir. 2005) (quoting *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The Court has not yet ruled on Defendants' Motion.

relying upon the declaration of Elizabeth Bou. [Doc. 26-6]. The Declaration contains inadmissible hearsay statements allegedly given to Ms. Bou by Teresa West. *See* Fed. R. Evid. 801-802. Furthermore, Plaintiffs have not disclosed Ms. Bou as an expert in this matter, so any alleged investigations she conducted are not relevant. See Fed. R. Evid. 401. Additionally, the probative value of this declaration is substantially outweighed by the dangers of unfair prejudice. Thus, such evidence is inadmissible under Federal Rule of Evidence 403.

## I. Introduction

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. [*See generally*, Doc. 1, Compl.]. Plaintiffs allege that Defendants' bail setting procedures violate their Fourteenth Amendment Rights to Substantive and Procedural Due Process and Equal Protection, and their Sixth Amendment right to counsel. [Doc. 1, ¶ 4]. Specifically, the named Plaintiffs allege that they remained incarcerated in the Hamblen County Jail because they were too poor to pay money bail. [Doc. 1, ¶ 2]. They claim that "people arrested for a criminal offense who can pay their money bail are released from jail immediately. Those who cannot pay remain in jail for weeks before they have any opportunity to contest their pretrial detention or explain that they cannot pay." [Doc. 1, ¶ 1].

Defendants deny that their bail setting polices and procedures violate the Plaintiffs' constitutional rights. Instead, they aver that they follow state law in setting bail for pretrial detainees and adhere to the following policies and procedures in so doing:

When a pretrial detainee is arrested in Hamblen County, the arresting officer swears to a warrant before Circuit Court Clerk Teresa West or a deputy clerk, and then

both the officer and the clerk sign the warrant. [Doc. 54, PageID # 419-20]. Next, Hamblen County General Sessions Judge W. Douglas Collins, one of the Judicial Commissioners of Hamblen County General Sessions Court, or Hamblen County Circuit, Criminal, General Sessions, and Juvenile Court Clerk Teresa West sets bail according to Tenn. Code Ann. § 40-11-118, looking at various factors such as the nature of the charge[s], the pretrial detainee's criminal history, and ties to the community. [Doc. 54, PageID # 420]. The amount of bail is listed on the warrant and the arresting officer or a corrections officer will serve the warrant on the arrestee in the Hamblen County Jail. *Id.*

Initial appearances for pretrial detainees are held every Monday, Wednesday, and Friday. *Id.* Therefore, the vast majority of pretrial detainees are given an initial appearance before Judge Collins or a Judicial Commissioner within 36 hours, at most. *Id.* For pretrial detainees in custody, the initial appearance is usually conducted via video conference. *Id.* During the initial appearance, Judge Collins or a Judicial Commissioner advises the pretrial detainee of his or her charges, bail, and preliminary hearing date, which is usually set within 14 days of the pretrial detainee's arrest. *Id.* Additionally, if the pretrial detainee requests that counsel be appointed, he or she is required to fill out an affidavit of indigency. *Id.* If indigent, the pre-trial detainee is appointed counsel through the Public Defenders' office.[2]

Once appointed, counsel may file a motion at any time to have his or her client's bail reduced. *Id.* During the bail hearing, the judge will decide whether to lower bail or impose certain restrictions to ensure the continued safety of the public and the pretrial detainee's appearance in court. [Doc. 54, Page ID# 420-21]. However, prior to this lawsuit being filed, attorneys with the Public Defenders' office did not participate in

---

[2] Private attorneys are appointed if the Public Defenders' office has a conflict.

initial appearances in any way, although nothing prevented them from being present[3] to learn of their appointments. [Doc. 54, Page ID# 421]. Further, nothing prevented attorneys with the Public Defenders' office from calling the court to determine whether any new clients had been assigned. *Id*. However, prior to the subject lawsuit, instead of taking advantage of these options and quickly filing motions for reductions in bail, attorneys from the Public Defenders' office often waited until their indigent clients' preliminary hearings to meet and confer with them and make any necessary motions. *Id*.

While initial appearances are usually very brief, pretrial detainees are allowed to speak and often request reductions in bail. *Id*. Judge Collins may reduce the bail amount considering various factors provided in Tenn. Code Ann. § 40-11-118. If the initial appearance is before a Judicial Commissioner, the pretrial detainee's request is sent to Judge Collins, who may or may not reduce the pretrial detainee's bond based on the provisions of Tenn. Code Ann. § 40-11-118. *Id*.

Importantly, although Plaintiffs claim that Defendants' bail setting polices and procedures violate their constitutional rights and Defendants aver they follow state law in setting bail, the Plaintiffs do not allege that any state law is unconstitutional and they are not seeking money-damages. [See Doc. 1, ¶¶ 4, 10-11, and 124; Doc. 54, Page ID# 430; Doc. 39, Page ID# 344].

---

[3] Defendants would note that being present during initial appearances to learn of appointments and meet and confer with their clients after these proceedings is different than participating in the initial appearances.

## II. The declaration of Elizabeth Bou should be excluded because it violates Fed. R. Civ. P. 801 and 802.

According to Federal Rule of Evidence 801, hearsay is an out of court statement offered for the truth of the matter asserted. Hearsay is generally inadmissible. Fed. R. Civ. P. 802.

Ms. Bou is an Investigative and Research Fellow at Civil Rights Corps. [Doc. 26-6, ¶ 1]. She is also listed as a surety on each of the named Plaintiffs' appearance bonds. [*See* Doc. 54-2, Page ID# 468-71; Doc. 55-2, Page ID# 515-518]. Her Declaration includes numerous statements that Defendant Teresa West allegedly told her in December 2019 regarding Hamblen County, Tennessee's bail setting policies and practices. [*See* Doc. 26-6, ¶¶ 4-13]. Given that these alleged statements were made out of court and the Plaintiffs are offering them for the truth of the matter asserted, they should be excluded pursuant to Fed. R. Evid. 801 and 802.

## III. The declaration of Elizabeth Bou should be excluded because it is irrelevant.

Federal Rule of Evidence 401 provides that evidence is relevant if it tends to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401.

Here, Ms. Bou's Declaration provides that she is an Investigative and Research Fellow at Civil Rights Corps and that she has "investigated the pretrial policies and practices in Hamblen County since July 2019. [Doc. 26-6, ¶ 1-2]. However, Plaintiffs have not designated Ms. Bou as an expert in this matter. In fact, Plaintiffs' Witness List lists Michael R. Jones, PhD, President of Pinnacle Justice Consulting as their Expert Witness, while Ms. Bou is listed as a Fact Witness. [Doc. 53]. Because Ms. Bou is not an

expert and has no personal knowledge of Hamblen County's bail setting policies outside of her alleged "investigation" and procedures outside of hearsay statements, her Declaration is irrelevant to this matter and should be prohibited under Fed. R. Evid. 401.

IV. **The declaration of Elizabeth Bou should be excluded because it violates Fed. R. Evid. 403.**

Even if this Honorable Court finds that the alleged statements contained in Ms. Bou's Declaration are not hearsay and are relevant, Ms. Bou's Declaration should also be excluded because it is substantially more prejudicial than probative, in violation of Federal Rule of Evidence 403.

Ms. West has submitted a sworn affidavit regarding the bail setting policies and procedures in Hamblen County, Tennessee and will be available to testify and be cross examined regarding the same during the preliminary injunction hearing. [*See* Doc. 54-1, Page ID# 449-53; Doc. 55-1, Page ID# 496-500]. Therefore, relying on the Declaration on Ms. Bou to establish the bail setting policies and procedures is substantially more prejudicial than probative, given that Ms. Bou does not have first-hand knowledge of these polices and procedures. Furthermore, given that Ms. Bou is listed as a surety on each of the named Plaintiffs' appearance bonds, relying on her Declaration to establish the bail setting policies and procedures in Hamblen County, Tennessee is especially prejudicial to the Defendants. [*See* Doc. 54-2, Page ID# 468-71; Doc. 55-2, Page ID# 515-518].

## II.　CONCLUSION

For the reasons discussed above, Defendants respectfully request that this Honorable Court GRANT their motion in limine to preclude introduction of the Declaration of Elizabeth Bou. [Doc. 26-6].

RESPECTFULLY SUBMITTED this 3rd day of April, 2020.

          TAYLOR & KNIGHT, GP
         *s/Hilary L. Magacs*
         Arthur F. Knight, III, BPR # 016178
         Jonathan Swann Taylor, BPR # 025094
         Hilary L. Magacs, BPR # 036864
         Caitlin C. Burchette, BPR # 037026
         800 S. Gay Street, Suite 600
         Knoxville, TN 37929
         Phone: 865- 971-1701
         Fax: 865-971-1705
         amber@taylorknightlaw.com
         Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2020, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

      */s/Hilary L. Magacs*
      Hilary L. Magacs