UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| MICHELLE TORRES, et al.,<br>on behalf of themselves and those similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>W. DOUGLAS COLLINS, et al.<br><br>Defendants. | 2:20-CV-00026-DCLC |

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to 28 U.S.C. § 636(b) and the standing orders of the District Court for a Report and Recommendation. Defendants have filed a motion asking the Court to substitute Hamblen County, Tennessee for all official-capacity defendants [Doc. 37] and a supporting memorandum [Doc. 38]. Plaintiffs filed a response opposing the motion [Doc. 39], to which Defendants filed a reply [Doc. 40]. The matter is now ripe for resolution. For the reasons stated herein, the undersigned RECOMMENDS the Motion to Substitute Party [Doc. 37] be DENIED and the case proceed as filed.

I.  BACKGROUND

The complaint against Defendants alleges violations of Plaintiffs' civil rights under 42 U.S.C. § 1983, 28 U.S.C. § 2201, *et seq*., and the Sixth and Fourteenth Amendments of the United States Constitution related to the pretrial bail system used in Hamblen County, Tennessee. [Doc. 1, pp. 1, 4]. In the complaint, Plaintiffs describe a two-tier bail system under which individuals who are unable to pay money bail remain in jail for two weeks before

receiving any meaningful opportunity to contest pretrial detention or explain their inability to pay bail while those who are able to pay money bail are eligible for immediate release. *Id.* at 1-2. The complaint alleges Defendants' bail system policies and practices result in the deprivation of pretrial liberty solely because of poverty *Id.* at 2. Hamblen County General Sessions Court Judge W. Douglas Collins, Hamblen County General Sessions Circuit Court Clerk Teresa West, Hamblen County Sheriff Esco R. Jarnagin, and Judicial Commissioners of the Hamblen County General Sessions Court Katie West Moore, Nancy Phillips, and Kathy Robertson are all separately named as defendants in their official capacities only.

Defendants filed a motion asking the Court to substitute Hamblen County, Tennessee for all official capacity defendants, arguing that because all official capacity defendants are employees of Hamblen County, the suit is actually against Hamblen County [Doc. 37, p. 1]. Plaintiffs filed a response in opposition to the substitution, asserting that at least some of the actions being challenged by the complaint were performed by the named defendants as agents of the State as opposed to Hamblen County [Doc. 39, pp. 1-2]. Defendants filed a reply to Plaintiffs' response in opposition which failed to address Plaintiffs' argument that some of Defendants' acts were performed in their capacities as State actors while others occurred in their roles as county officials and instead reasserted Defendants' argument that "an official capacity action against an individual is nothing more than a suit against their employer." [Doc. 40, pp. 1-2].

II. ANALYSIS

While Defendants correctly assert that official-capacity suits are generally merely an alternative method of bringing suit against the governmental entity employing those officials, there are circumstances in which that is not the case. "[P]rivate parties may sue state officials to

stop ongoing constitutional violations." *McNeil v. Cmty. Prob. Servs., LLC*, 945 F.3d 991, 994 (6th Cir. 2019). *See also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("[A] government entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation." (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 326 1961)); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom…inflicts the injury that the government as an entity is responsible under § 1983."). "When a county official commits an alleged constitutional violation by 'simply complying with state mandates that afford no discretion, they act as an arm of the State, not the county.'" *McNeil*, 945 F.3d at 995.

Defendants rely heavily upon *Gean v. Hattaway*, 330 F.3d 758 (6th Cir. 2003) to support their position that Hamblen County, Tennessee should be substituted for all official-capacity defendants in this case [Doc. 38, p. 2]. In *Gean*, the plaintiffs brought suit against officials of administrative agencies of the State of Tennessee in their official capacities. *Id.* at 764. The *Gean* Court found that as agents of state administrative agencies, the plaintiffs' claims against the defendants in their official capacities were actually claims against the State because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office and, as such, it is no different from a suit against the State itself." *Id.* at 766 (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal quotation marks omitted). Defendants, citing *Gean* for support, further argue that "defendants in their official capacities are not recognized as 'persons' under § 1983" and therefore claims against such defendants cannot proceed [Doc. 38, p. 2]; however, Defendants failed to address the portions of the *Gean* opinion which note that in deciding *Will*, the United States Supreme Court "[did] not remove all government actors in their official capacities from

the scope of § 1983" nor did it "abrogate the doctrine of *Ex Parte Young*, 209 U.S. 123, 155-56 (1908), which allows suits against state actors in their official capacities for injunctive relief because such actions are not deemed to be against the State." *Id.* at 767 (internal citations omitted).

Additionally, the case at bar is distinguishable from *Gean* because Plaintiffs are not bringing a suit against state officials acting only in the capacity of their state offices as were the *Gean* plaintiffs. 330 F.3d at 764. As Plaintiffs outlined in their response to Defendants' motion, while this suit may challenge some actions taken by Defendants in their capacities as county policy makers, they also contend that certain of the challenged actions were performed by Defendants while acting as agents of the State of Tennessee [Doc. 39, p. 2]. The policies and procedures for determining bail are set forth in Tennessee Code Annotated § 40-11-118. Under this statute, judges and magistrates are tasked with determining an appropriate bail amount, and the clerk of the court is designated as the appropriate entity to which such bail must be paid. Tenn. Code Ann. § 40-11-118 (a)-(b). Tennessee counties that meet certain population parameters may also appoint judicial commissioners to set bail. Tenn. Code Ann. § 40-1-111(a)(1)(A)(iv).[1] Additionally, the Tennessee Supreme Court has held that Tennessee law requires the sheriff to hold defendants in the county jail until bail is paid. *McNeil*, 945 F.3d at 995; *see also* Tenn. Code Ann. § 8-8-201 (requiring sheriffs to obey the lawful orders and directions of the courts, take charge and custody and the county jail and prisoners therein, and hold the prisoners until discharged by law).

---

[1] Tennessee Code Annotated § 40-1-111(a)(1)(A) authorizes the chief legislative body of counties with a population of less than 200,000 or not less than 276,000 nor more than 277,000 and the chief legislative body of counties with populations greater than 700,000 to appoint one or more judicial commissioners to perform a variety of administrative tasks within the judicial system, including "the setting and approving of bonds and the release on recognizance of defendants in accordance with applicable law and guidelines established by the presiding general sessions judge of the county." Tenn. Code Ann. § 40-1-111(a)(1)(A)(iv).

In short, while Defendants are employed by Hamblen County, their actions related to determining bail, holding defendants in custody until bail is paid, and receiving bail payments are performed in compliance with Tennessee law, and are undertaken in their capacities as agents of the State of Tennessee rather than agents of Hamblen County. *See also McNeil*, 945 F.3d at 995-96 (holding that setting and enforcing bail are actions performed on behalf of the State of Tennessee); *Nashville Cmty. Bail Fund v. Gentry*, No. 3:20-cv-00103, 2020 WL 1274776, at *12 (holding an official-capacity defendant was a proper party in a case where the official's challenged actions were in the course of performing duties based upon a state statute). While some of the practices challenged in this cause may result from county policy or custom, Defendants' actions regarding the setting and enforcement of bail are performed on behalf of the State of Tennessee as opposed to Hamblen County. *McNeil*, 945 F.3d at 995. As such, it would be improper to substitute Hamblen County, Tennessee for all official-capacity Defendants in this case.

### III. CONCLUSION

For the reasons outline above, the undersigned **RECOMMENDS** that Defendants' Motion to Substitute Party [Doc. 37] be **DENIED**.[2]

Respectfully Submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).