IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

MICHELLE TORRES, *et al.*, on behalf of themselves and those similarly situated,

    Plaintiffs,

v.

W. DOUGLAS COLLINS, in his official capacity as Hamblen County General Sessions Judge, *et al.*,

    Defendants.

Case No. 2:20-cv-00026-DCLC-CRW

**REPORT OF THE PARTIES PLANNING MEETING PURSUANT TO RULE 26(F)**

    Pursuant to the Court's December 30, 2020, Order, Doc. 96, and pursuant to Federal Rule of Civil Procedure Rule 26(f), Plaintiffs Michelle Torres, Bethany Edmond, Amanda Cameron and Robbie Johnson-Loveday and Defendants W. Douglas Collins, Esco Jarnagin, Teresa West, Kathy Robertson, Nancy Phillips, and Katie West Moore (collectively, "the Parties") submit this Report regarding the Parties' Planning Meeting.

1. The following persons participated in a Rule 26(f) conference on Friday, January 15th, by telephone conference:
    a) For Plaintiffs, Seth Wayne, Tara Mikkilineni, Jonathan Backer, Ryan Downer, and Buck Lewis;
    b) For Defendants, Jonathan Taylor and Hilary Magacs.

2. Initial Disclosures. The parties will complete by February 8, 2021 the initial disclosures required by Rule 26(a)(1).

3. Synopsis of the Claims.

    a) Summary of the Claims of the Plaintiffs and Putative Class

        i. Defendants Violate Plaintiffs' Fourteenth Amendment rights to Equal Protection and Due Process through a policy and practice that jails

individuals prior to trial based on their access to money. Plaintiffs have a right to be free from wealth-based detention. The Fourteenth Amendment's Equal Protection and Due Process Clauses forbid the government from detaining individuals prior to trial based solely on lack of access to money. The constitutional principles that forbid jailing a convicted defendant solely because the person is unable to make a payment, *see, e.g., Bearden v. Georgia*, 461 U.S. 660, 672 (1983) (invalidating state practice of automatically revoking probation for failure to pay a fine or restitution, without considering probationer's ability to pay or whether other alternative measures meet state's interest in punishment and deterrence), apply with even greater force to an arrestee who is presumed innocent.

ii. Defendants violate Plaintiffs' Fundamental Fourteenth Amendment Due Process right to pretrial liberty. Freedom from imprisonment lies at the heart of the liberty that the Due Process Clause protects. See, e.g., *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary government action."). Pretrial detention infringes upon this right and may only be required if it is narrowly focused to serve compelling government interests. The state's interest at the pretrial stage is limited to ensuring the accused will appear for trial and protecting the public from danger associated specifically with that individual's release. Here, Plaintiffs have been detained on de facto detention orders and deprived of pretrial liberty through imposition of unattainable financial conditions without any court considering Plaintiffs' likelihood of appearing at future court appearances and whether Plaintiffs pose any danger to the community, and without any court making a substantive finding that no alternatives to such de facto pretrial detention would serve the government's interests.

iii. Defendants violate Plaintiffs' Fourteenth Amendment right to procedural due process. Orders of pretrial detention may be entered only after rigorous procedures have been met. *See, e.g.*, *Mathews v. Eldridge*, 424 U.S. 319 (1976). These procedures include, but are not necessarily limited to: a timely individualized hearing; notice of the issues to be determined; representation by counsel; the opportunity to present and confront evidence and make arguments; findings on the record explaining the basis for any condition of release imposed and the evidence relied on; and, if such conditions will result in pretrial detention, a finding by clear and convincing evidence that pretrial incarceration is necessary because no alternative conditions or combination of conditions would reasonably ensure the individual's future court appearance and the safety of the community. Due process requires procedures sufficient to protect Plaintiffs' substantive rights to pretrial liberty and against wealth-based detention. Here, Plaintiffs were provided none of these constitutionally required procedures before being detained because they could not pay.

iv. Defendants' violate Plaintiffs' Sixth Amendment right to counsel by not providing them with counsel at proceedings resulting in pretrial detention. The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to counsel at each post-attachment critical stage of the criminal process. *See, e.g., Lafler v. Cooper*, 566 U.S. 156, 165 (2012) ("The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding. . . . The constitutional guarantee applies to pretrial critical stages . . . ."). Bail determinations are post-attachment critical stages for which counsel must be provided. Defendants' failure to provide counsel at hearings that result in pretrial detention that prejudices both Plaintiffs' immediate liberty interests and the ultimate outcomes of their cases. Defendants violate the Sixth Amendment by conducting critical pretrial release and detention proceedings without providing counsel.

b) Summary of Defendants' Defenses:

i. Defendants do not violate Plaintiffs' Fourteenth Amendment rights to Equal Protection and Due Process through any alleged policy and practice that results in wealth-based detention. At the time bail is set on an arrest warrant in Hamblen County, no schedule or rubric is followed and the bail-setter generally does not know whether the arrestee will be able to pay the set amount. [Joint Stipulations, ¶ 7, 9]. Further, it is not Judge Collins' intent that arrestees remain in jail when bail is set. *Id*. at ¶ 13. Thus, there is no direct discrimination or treatment of arrestees differently based upon their ability to pay. *See id* at ¶ 7, 9, 13. Additionally, the bail-setter will consider all factors listed under Tenn. Code Ann. § 40-11-118 available to him or her at the time bail is set, including the nature of the charge[s], the pretrial detainee's criminal history, and ties to the community. Accordingly, pre-trial detention considerations are individualized and plaintiffs are not detained solely on the basis of their indigency, nor can they claim to be "similarly situated" for purposes of an Equal Protection analysis. Additionally, indigent pretrial detainees in Hamblen County may request court-appointed attorneys during their initial appearances and if a pretrial detainee is unable to afford his or her bail, the court appointed attorney may file a motion to have bail reduced *at any time*. [*See* Doc. 78-1, Joint Stipulations, ¶ 58]. Although Plaintiffs rely on such cases as *Bearden v. Georgia*, 46 U.S. 660 (1983) and *O'Donnell v. Harris Cty*., 892 F.3d 147 (5th Cir. 2018) in support of their argument, such cases are distinguishable, given that this case involves *pretrial* detention procedures and Hamblen County does not automatically set the same bail amount for the same charge for any two arrestees. Additionally, wealth, alone, without other considerations, is not a suspect class for equal protection analysis purposes. *See generally*, *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 25 (1973).

ii. Defendants do not violate Plaintiffs' Fourteenth Amendment Due Process right to pretrial liberty. Although Plaintiffs claim that they are detained on "de facto" detention orders and deprived of pretrial liberty through the imposition of unattainable financial conditions without consideration of the likelihood of their appearance at future court appearances or whether Plaintiffs pose a danger to the community, bail setters in Hamblen County consider all of the factors available to them under Tenn. Code Ann. § 40-11-118 when setting bail, including the nature of the charge[s], the pretrial detainee's criminal history, and ties to the community. Further, indigent pretrial detainees in Hamblen County may request court-appointed attorneys during their initial appearances and if a pretrial detainee is unable to afford his or her bail, the court appointed attorney may file a motion to have bail reduced *at any time*. [See Doc. 780-1, Joint Stipulations, ¶ 58]. Additionally, the Sixth Circuit has held that Tennessee law does not prohibit monetary bail even if conditions of release can reasonably assure the defendant's appearance. *Fields v. Henry Cty.*, 701 F.3d 180, 187 (6th Cir. 2012) (citing *Malmquist v. Metro. Gov't*, No. 3:10-cv-1014, 2011 WL 5982670, at *10-11 (M.D. Tenn. Nov. 29, 2011).

iii. Defendants do not violate Plaintiffs' Fourteenth Amendment right to procedural due process. According to *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976), a three-part balancing test is used to determine when a particular procedure complies with due process:

> First, the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.

Here, Defendants consider all of the factors available to them under Tenn. Code Ann. § 40-11-118, including the nature of the pretrial detainee's charge[s], his or her prior criminal history and ties to the community. Indigent pretrial detainees may request court-appointed attorneys during their initial appearances. If a pretrial detainee is unable to afford his or her bail, the court appointed attorney can file a motion to have bail reduced *at any time*. [See Doc. 78-1, Joint Stipulations, ¶ 58]. Although Plaintiffs allege that their first opportunity to be heard is weeks after their arrest during their preliminary hearings, nothing prevents their court-appointed attorneys from filing emergency motions for bail reductions prior to these hearings. Further, because Plaintiffs are calling for a full-blown hearing with the assistance of counsel into the Plaintiffs' financial backgrounds prior to bail being set to ensure that their rights against wealth based detention and freedom from pretrial incarceration are not infringed, the third

*Matthews* factor weighs heavily in the analysis. In Tennessee, counsel is usually appointed during initial appearances, after which appointed counsel can learn their clients' cases and backgrounds and argue motions on their behalf. Given that initial appearances generally occur within 48 hours after arrest, excluding weekends and holidays, Plaintiffs are essentially requesting that public defenders and other court-appointed attorneys wait at jails for newly arrested pretrial detainees to arrive. If this was not the case, these attorneys would not have time to meet with their clients and learn their clients' cases and backgrounds in order to make meaningful arguments on their behalf during their initial appearances. Furthermore, Plaintiffs' request for immediate adversarial hearings with the presence of counsel before setting bail could actually result in longer periods of pretrial detention given that the length of these hearings would increase, creating a backlog of pretrial detainees awaiting their combined initial appearance/bail hearing.

  iv. Defendants do not violate Plaintiffs' Sixth Amendment right to counsel. Plaintiffs claim that Defendants violate this right by failing to provide them counsel at the initial appearance. Although the Sixth Amendment requires that a person facing criminal prosecution be provided counsel at all "critical states" of their case, "the attachment question (whether formal judicial proceedings have begun) " is distinct from the "critical state' question (whether counsel must be present at a post-attachment proceeding unless the right to assistance is validly waived.)." *Rothergy v. Gillespie County, Tex.*, 554 U.S. 191, 2011 (2008). The United States District Court for the Eastern District of Tennessee has provided that "[a]n initial appearance is largely administrative and is not a critical stage in the criminal proceedings." *Hickman v. U.S.*, 2005 WL 2740871, at *4 (E.D. Tenn. Oct. 24, 2005); *see also Handy v. U.S.*, No. 96-2594, 1998 WL 152928, at *1 (6th Cir. March 24, 1998) (noting that neither the filing of a criminal complaint nor an initial appearance is a critical stage in the pretrial proceedings so as to trigger the Sixth Amendment right to counsel).

4. Discovery Plan. The parties propose this discovery plan:

   a) Discovery will be needed on these subjects:

      i. Whether Defendants' bail practices violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and the Sixth Amendment right to counsel;

      ii. The members of the proposed Class of "All people who are or will be arrested and charged with criminal offenses in Hamblen County General Sessions Court; and who (1) have not been bound over to Hamblen County Criminal Court; (2) are or will have conditions of release set by Defendants that include an amount of monetary bail and/or otherwise require payment of a sum of money prior to release; (3) are or will be

> unable to afford to pay the amount of money required for their release; and (4) because of nonpayment, are or will be detained in the Hamblen County Jail."

    iii. Information related to Plaintiffs' claims, injuries and/or allegations set forth in the Complaint.

    iv. Information related to Defendants' denials and defenses.

    v. All other information which is discoverable under Fed. R. Civ. P. 26.

  b) Discovery shall proceed on the following schedule:

    i. The close of discovery shall be August 2, 2021;

    ii. Dispositive motions shall be due September 3, 2021;

    iii. The deadline to join additional parties and/or amend pleadings shall be April 2, 2021;

    iv. The date for exchanging reports of expert witnesses is June 14, 2021.

    v. The date for supplementations under Rule 26(e) is July 14, 2021.

  c) The maximum number of depositions by each party shall be ten, as allowed under the federal rules.

  d) The limit on the length of depositions shall be 7 hours, as allowed under the federal rules.

  e) The maximum number of interrogatories by each party shall be 25, as allowed under the federal rules.

5. Trial

  a) The parties in good faith certify that this case will be ready for trial within ten months of the 26(f) conference, or November 15, 2021.

  b) The trial is estimated to last no longer than three days.

6. Consent to exercise of jurisdiction by a magistrate judge

  a) The parties do not consent to a trial by magistrate judge at this time.

7. Electronically Stored Information

a) Disclosure or production will be limited to data reasonably available to the parties in the ordinary course of record maintenance, including production of e-mails and/or text messages. Within thirty days following the production of e-mails and/or text-messages, the opposing party shall specify which e-mails and/or text messages it desires to have produced in native format. Upon such request, all reasonable efforts will be made by the parties to produce the specified e-mails and/or text messages in native format to the requesting party as long as the production is not unduly burdensome and/or unnecessarily expensive.

b) The Defendants include governmental officials and representatives who have an obligation to preserve and retain certain and specific public records pursuant to Tennessee law. *See* Tenn. Code Ann. 10-7-503(a)(1)(A)(i) (defining public records as "all documents, papers, letters, maps, books, photographs, microfilms, electronic data processing files and output, films, sound records, or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any governmental entity"). The Defendants acknowledge this obligation and have taken reasonable steps to identify and retain potential documents that they reasonably believe may be subject to disclosure in this matter pursuant to Fed. R. Civ. P. 26. Plaintiffs have similarly taken reasonable steps to identify and retain potential documents that they reasonably believe may be subject to disclosure in this matter pursuant to Fed. R. Civ. P. 26, and additionally that Defendants maintain joint custody and control over most such documents, including the Plaintiffs' court and jail records.

c) Discovery requests and responses to Defendants shall be made to Arthur Knight, Jonathan Taylor and Hilary Magacs, counsel for the Defendants, by email at the following addresses:

aknight@tayloknightlaw.com
jstaylor@taylorknightlaw.com
hmagacs@taylorknightlaw.com

Discovery requests and responses to Plaintiffs shall be made to Tara Mikkilineni, Seth Wayne and Jonathan Backer, counsel for plaintiffs, by email at the following addresses:

sw1098@georgetown.edu
jb2845@georgetown.edu
tara@civilrightscorps.org

                                                              Respectfully Submitted,

/s/ Tara Mikkilineni
Tara Mikkilineni (D.C. Bar 997284)
(admitted *pro hac vice*)
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Tel: 202-894-6124
Fax: 202-609-8030
Email: tara@civilrightscorps.org

/s/ Seth Wayne
Seth Wayne (D.C. Bar 888273445)
(admitted *pro hac vice*)
Jonathan Backer (D.C. Bar 1613073)
(admitted *pro hac vice*)
Mary B. McCord (D.C. Bar 427563)
(admitted *pro hac vice*)
Institute For Constitutional Advocacy and Protection (ICAP)
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 202-662-9042
Email: sw1098@georgetown.edu
       jb2845@georgetown.edu

/s/ George T. Lewis
George T. Lewis, III (T.N. Bar 7018)
Matthew G. White (T.N. Bar 30857)
(admitted *pro hac vice*)
Baker Donelson
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919
Tel: 865-549-7000
Email: blewis@bakerdonelson.com
       mwhite@bakerdonelson.com

*Attorneys for Plaintiffs*

TAYLOR & KNIGHT, GP

/s /Jonathan Swann Taylor
Arthur F. Knight, III, BPR # 016178
Jonathan Swann Taylor, BPR #025094
Hilary L. Magacs, BPR# 036864
Caitlin C. Burchette, BPR #037026
800 S. Gay Street, Suite 600
Knoxville, TN 37929
Phone: 865- 971-1701
Fax: 865-971-1705
Email: amber@taylorknightlaw.com

*Attorneys for Defendants*