IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHELLE TORRES, *et al.*, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>W. DOUGLAS COLLINS, in his official capacity as Hamblen County General Sessions Judge, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-00026-DCLC-CRW<br><br>(Class Action) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR**
**MOTION FOR ENFORCEMENT OF THE PRELIMINARY INJUNCTION**

On November 30, 2020, this Court granted Plaintiffs' Motion for a Preliminary Injunction against Defendants' unconstitutional bail practices. *Torres v. Collins*, No. 2:20-CV-00026-DCLC, 2020 WL 7706883, at *14 (E.D. Tenn. Nov. 30, 2020). This Court held that Plaintiffs had shown a reasonable likelihood of success on the merits of their claims that Defendants' bail practices violate the Fourteenth Amendment's Due Process Clause and the Sixth Amendment right to counsel. *Id.* at *11, *13. To remedy these constitutional violations during the pendency of the lawsuit, this Court enjoined Sheriff Esco Jarnagin from "detaining any criminal defendant arrested on an arrest warrant who, after having bail set in an *ex parte* fashion by the Defendants authorized by law to set bail for cases pending in Hamblen County general sessions court, is being detained without having had an individualized hearing within a reasonable period of time consistent with the Due Process Clause requirements outlined in this Order." *Id.* at *14. Through discovery, Plaintiffs have ascertained that several individuals remain detained pretrial by Sheriff Jarnagin at

1

the Hamblen County Jail, on bail orders issued by the Hamblen County General Sessions Court, who still have not received an individualized bail hearing that complies with this Court's Order. Accordingly, Plaintiffs move for enforcement of the Preliminary Injunction.

I.  THE COURT'S PRELIMINARY INJUNCTION ORDER

The Court's Preliminary Injunction Order specified that the Due Process Clause requires a "meaningful, individualized hearing," *id.* at *12, that exhibits the following features:

1. "Represent[ation] by counsel." *Id.* at *11; *see also* *13 (holding that failing to provide counsel at bail hearings also violates the Sixth Amendment).

2. Consideration of "the necessity of bail and the arrestee's ability to pay bail." *Id.* at *12.

3. An opportunity for the arrestee "to be heard and present evidence." *Id.*

4. "[C]onsideration of alternative conditions of release" besides money bail. *Id.*

5. "[A]t a minimum, verbal findings of fact regarding" the bail factors. *Id.*

6. "[A] bail hearing must occur within a reasonable period of time of arrest." *Id.* (citing the 48-hour window for a probable-cause determination established by *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975)).

The Court further specified that its Order applies "prospective[ly]"[1] and applies to all individuals detained in the Hamblen County Jail *except* "criminal defendants who are charged with a capital offense, or who are detained as a result of an indictment, or who are detained on probation violations, or whose release has otherwise been revoked after a hearing." *Id.* *14. Accordingly, the Order requires Sheriff Jarnagin to release any individual who has not received a bail hearing that complies with this Court's Order.

---

[1] As Plaintiffs have explained before, Sheriff Jarnagin's pretrial detention of individuals "who have never received a constitutionally adequate bail hearing" constitutes an "ongoing" constitutional violation "irrespective of the date of arrest." Reply Supp. Pls.' Mot. Status Conference 2, ECF No. 95; *see also* Order 4, ECF No. 97 ("Defendants should not be detaining anyone, regardless of when they arrested them, without providing a constitutionally sufficient bail hearing.").

2

## II. SHERIFF JARNAGIN IS DETAINING INDIVIDUALS IN VIOLATION OF THIS COURT'S PRELIMINARY INJUNCTION

Evidence obtained by Plaintiffs through discovery demonstrates that Sheriff Jarnagin is violating this Court's Preliminary Injunction Order.

As an initial matter, Plaintiffs note that Defendants have done little since November 30, 2020, to ensure that Sheriff Jarnagin is in compliance with this Court's Preliminary Injunction Order. Plaintiffs have requested that Defendants Doug Collins, Theresa West, Katie West Moore, Nancy Phillips, and Kathy Robertson ("Court Defendants") produce "[a]ll documents reflecting any action considered or implemented to comply with the district court's preliminary injunction." In response to that request, the Court Defendants represented that they possess no responsive documents aside from (a) the Court's Preliminary Injunction Order itself, and (b) their Response to Plaintiffs' Motion for a Status Hearing, ECF No. 94. Defs. Collins, West, West Moore, Phillips & Robinson's Resp. to Pls.' Req. Prod. No. 5 (attached as Exhibit 1). Thus, neither Judge Collins nor any of the other Court Defendants appear to have created any policy, guidance, memorandum, or training to correct the constitutional violations that this Court identified. Nor do they appear to have communicated in writing with anyone—including the Public Defender's Office or the District Attorney General's Office—regarding any changes that Defendants made to their bail practices in light of the Court's Order. In the absence of *any* written documents or communications from the Court, it is difficult to imagine how Sheriff Jarnagin could possibly confirm that he is not detaining individuals in violation of this Court's Order.

Nor has Sheriff Jarnagin done anything to ensure his own compliance with this Court's Preliminary Injunction Order. Plaintiffs issued an interrogatory requesting that Sheriff Jarnagin "[i]dentify everything that has been done by [him] or other individuals at the Hamblen County Sheriff's Office in order to comply with the Court's November 30, 2020 preliminary injunction

3

order." In response to that interrogatory, Sheriff Jarnagin, similar to the Court Defendants, referred only to and quoted Defendants' Response to Plaintiffs' Motion for a Status Hearing. Def. Esco Jarnagin's Answer to Pls.' Interrog. No. 2 (attached as Exhibit 2). The referenced filing represents that Judge Collins is (1) appointing the Public Defender's Office to represent qualifying individuals prior to those individuals' initial appearances; (2) promptly notifying the Public Defender's Office of those appointments; (3) facilitating video conferences between public defenders and their clients upon request; and (4) providing individualized and on-the-record bail hearings at which defense counsel is present that purportedly comply with Tennessee law when the prosecution and defense counsel cannot agree to a bail amount. ECF No. 94, at 2–3. Accordingly, neither the Court Defendants nor Sheriff Jarnagin have done anything to determine whether people arrested *before* these new procedures were implemented ever received an individualized hearing that complies with this Court's Order. And even for newly arrested individuals, Sheriff Jarnagin apparently does not confirm that any particular individual who he detains has received a constitutional bail hearing.

The evidence obtained by Plaintiffs to date demonstrates that, predictably, Defendants' inaction has resulted in the ongoing unlawful detention of—and irreparable harm to—members of the putative class. In response to discovery requests issued by Plaintiffs, Defendants have produced documents that confirm that, as of April 13, 2021, Sheriff Jarnagin continued to detain several individuals on bail orders issued by the Hamblen County General Sessions Court who had not at that time ever received an individualized bail hearing that complied with this Court's Preliminary Injunction Order. A census of the Hamblen County Jail conducted on April 13, 2021, lists all individuals incarcerated as of that date. *HCSO Inmate Census* (Apr. 13, 2021), T&K Resp. to RFPD Ex. S (attached as Exhibit 3). Among other information, the census provides the names

4

of the incarcerated individuals; the day they were booked into the jail; their charges; and their bond status. The census's bond-status entries state the bail amount associated with each charge, if any, or whether bond has been denied for a particular charge. Because each bond entry is associated with a particular charge, the census also makes clear whether an individual's bond is associated with a pending charge or with a violation of probation. *See, e.g., id.* at 3 (stating that Joshua A Beasley was being held without bond for a violation of probation). One also can ascertain from the census's charge entries whether an incarcerated individual was serving a sentence at the time that the census was taken. *See, e.g., id.* at 1 (stating that Jeremy Carl Arrington was serving time for a DUI conviction).

From their review of the census, Plaintiffs have identified the following individuals who were arrested prior to November 30, 2020, and who appeared to be held solely as a result of a money-bail order as of April 13, 2021:

| INCARCERATED INDIVIDUAL | BOOK DATE | BOND AMOUNT |
|---|---|---|
| Barker, Darrell Wayne Jr. | 8/14/20 | $50,000 |
| Brown, Tosha Jean | 9/8/19 | $530,000 |
| Earl, Christopher Allen | 7/2/20 | $62,000 |
| Marzullo, Jacob Thomas | 3/19/19 | $500,000 |
| Meraz, Jorge Ramon | 11/8/19 | $35,000 |
| Moore, Kristopher David | 4/30/20 | $15,000 |
| Paul, Gordon Leroy | 7/5/20 | $200,000 |
| Ruth, Paul Luther | 1/7/20 | $50,000 |
| White, James William Jr. | 10/19/20 | $5,000 |
| Williams, Joshua Reed | 8/18/20 | $33,000 |

| | | |
|---|---|---|
| Wilson, Joshua Dion | 10/25/20 | $25,000 |
| Yeary, Holly Ann | 7/24/20 | $30,000 |
| Yeary, Ricordo Daniell | 7/24/20 | $40,000 |

Defendants also have produced all orders related to setting or modification of bond issued by the Hamblen County General Sessions Court between December 9, 2020, and April 7, 2021 (with the exception of some missing orders for which Defendants continue to search).[2] *See* T&K Resp. to RFPD Exs. C, O, P (attached as Exhibit 4). No documents pertaining to any of the listed individuals are included among those orders. Accordingly, as far as is discernable based on the available evidence, none of the individuals listed above have received an individualized bail hearing conducted by the Hamblen County General Sessions Court since this Court issued its Preliminary Injunction Order. Those individuals have been held pretrial on money-bail orders for periods of time ranging from 170 to 756 days and counting.

It is likely that some (or all) of the above-listed individuals' cases have been bound over from the Hamblen County General Sessions Court to the Hamblen County Criminal Court at some point during their period of pretrial detention. But that does not alter Sheriff Jarnagin's obligation under this Court's Preliminary Injunction Order to cease detaining individuals pretrial who have not received individualized and constitutionally compliant bail hearings on orders issued by the

---

[2] Because of some unavoidable limitations, the evidence Plaintiffs has obtained to date has some small gaps. For example, Defendants have represented that the Hamblen County General Sessions Court did not begin issuing written bond orders that purportedly reflect the factual circumstances and legal reasoning supporting the issuance of money-bail orders until December 9, 2020. And although Plaintiffs have obtained the majority of such orders issued from December 9, 2020, through April 7, 2021, bail hearings continue to take place every weekday, and Defendants continue to supplement their production with missing orders. Despite these gaps, Plaintiffs submit that the evidence obtained to date easily shows that Sheriff Jarnagin is violating this Court's Preliminary Injunction Order.

Hamblen County General Sessions Court. Because this Court's Order enjoins Sheriff Jarnagin (and *only* Sheriff Jarnagin), it is *his* legal obligation to release individuals who are being held on bail orders issued by the General Sessions Court who have not received a constitutionally compliant bail hearing. To the extent that Sheriff Jarnagin wishes to avoid releasing individuals whose cases have been bound over to the Criminal Court, it is up to him to ensure that those individuals are not being detained without having received individualized bail hearings. *See McNeil v. Cmty. Prob. Servs., LLC*, 945 F.3d 991, 995–97 (6th Cir. 2019) (holding that a sheriff could be enjoined from detaining probationers held on bonds set by judges without considering ability to pay or adequacy of alternatives).

A recent deposition of Third Judicial District Criminal Court Judge John F. Dugger confirms that no process exists in his court by which bail is reevaluated post-bindover. Supplemental Br. Supp. Pls.' Renewed Mot. Class Cert. 2, ECF No. 103. Accordingly, under the terms of this Court's Preliminary Order, Sheriff Jarnagin is obligated to release individuals who remain detained on money-bail orders issued by the General Sessions Court who have not received constitutionally compliant bail hearings, whether or not those individuals' cases have been bound over to the Criminal Court.

Plaintiffs also note that Sheriff Jarnagin's noncompliance with this Court's Preliminary Injunction Order is not limited to the individuals listed above. Defendants produced another jail census, dated December 28, 2020, which lists several more individuals who were being detained as the result of money-bail orders issued without an individualized bail hearing—nearly a month after this Court enjoined Sheriff Jarnagin from doing exactly that:

| INCARCERATED INDIVIDUAL | BOOK DATE | BOND AMOUNT |
|---|---|---|
| Bunch, Jonathan Wayne | 11/17/20 | $7,500 |

7

| | | |
|---|---|---|
| Clark, Brandon Royce | 7/15/19 | $500,000 |
| Covington, Bryan Perry Nelso | 2/10/20 | $255,000 |
| Diaz, Emannuel | 10/19/20 | $3,500 |
| Dotson, John Douglas | 9/3/20 | $4,000 |
| Helton, Steven Glen | 11/20/20 | $10,000 |
| Johnson, Rasshan Hughintis | 10/9/20 | $8,000 |
| Mullins, Gary Wayne | 3/23/20 | $12,000 |
| Phillips, Mathew Dillon | 11/20/20 | $80,000 |
| Seal, Chrstina Crystal Lynn | 5/23/20 | $70,000 |

*See HCSO Inmate Census* (Dec. 28, 2020), T&K Resp. to RFPD Ex. J (attached ax Exhibit 5).[3]

These individuals do not appear on the April 13, 2021, census, but it is impossible for Plaintiffs to ascertain exactly why, because Defendants allowed the relevant evidence—censuses conducted between December 2020 and April 2021—to be destroyed.[4] That those individuals were detained for at least a month after this Court's Preliminary Injunction Order issued further demonstrates that Sheriff Jarnagin's noncompliance with the Order has been ongoing for several

---

[3] In addition, Mattew Aaron Deering was detained on a money-bail order as of December 28, 2020, and he remained detained as of April 13, 2021, but at some point between those two dates, his bond was revoked. T&K Resp. to RFPD Ex. J, at 21; T&K Resp. to RFPD Ex. S, at 14–15.

[4] According to Defendants, jail censuses like the ones taken on December 28, 2020 and April 13, 2021, are conducted on a daily basis. Defendants recently disclosed, however, that "they were mistaken and that archived Inmate Census reports do not exist and cannot be re-created with the current reporting software." Letter from Hilary L. Magacs, Counsel for Defendants, to Seth Daniel Tychsen Wayne, et al., Counsel for Plaintiffs (Apr. 15, 2021) (attached as Exhibit 6). Defendants' failure to retain these census reports violates their duty to preserve. Accordingly, the Court may infer that individuals who were detained pretrial in the Hamblen County Jail on money bail on December 28, 2020, and remained detained on money bail on April 13, 2021, were detained on money bail continuously throughout the intervening period. *See* Fed. R. Civ. P. 37(e); *Yoe v. Crescent Sock Co.*, No. 1:15-cv-3-SKL, 2017 WL 5479932 (E.D. Tenn. Nov. 14, 2017).

8

months. Plaintiffs respectfully move this Court to enforce its Preliminary Injunction Order to ensure that these ongoing constitutional violations cease immediately.

### III. DEFENDANTS' BAIL PRACTICES CONTINUE TO VIOLATE THE TERMS OF THIS COURT'S ORDER

Based on the discovery Plaintiffs have obtained to date, Defendants do not appear to be providing arrestees with individualized bail hearings that comply with the terms of this Court's Preliminary Injunction Order. Plaintiffs continue to review the discovery they have received and are evaluating what additional discovery is needed so that they can provide the Court with a more complete picture of the ways in which Defendants' post-November 30, 2020, bail practices are constitutionally deficient; however, Plaintiffs can at that this time provide some preliminary observations based on their review of courtroom audio covering a date-range from November 3, 2020, to February 22, 2021.

Aside from isolated instances in which Judge Collins (who appears to be presiding over the vast majority of initial appearances and bail hearings since the Preliminary Injunction issued) releases an arrestee on her own recognizance, he almost never even mentions, let alone makes findings on the record, concerning "alternative conditions of release" besides money bail. *Torres*, 2020 WL 7706883, at *12. Judge Collins rarely if ever requires the State to make the case for bail and instead takes it upon himself to *sua sponte* set bail based on his own assessment of the facts that are available on the arrest warrant, the court's computer system, and from his own interrogation of arrestees. When it comes to setting bail, Judge Collins is therefore effectively both prosecutor and judge.

In setting bail, Judge Collins's consideration of and findings concerning "ability to pay bail" rarely if ever amount to anything beyond asking an arrestee whether she will be able to make the bond previously set on the warrant without any process at all. *Id.* He often does not follow up

9

when he receives an ambiguous or unclear response to his question about ability to pay, and he does not make findings on the record about whether the arrestee will be able to pay. Judge Collins continues to mechanically issue money-bail orders beyond what arrestees can pay, and the vast majority of arrestees must pay some amount to be released. He places the burden on arrestees to justify why he should modify the bail previously and mechanically set on the warrant without any participation of the arrestee or counsel, or any information about the person's individual circumstances. Judge Collins's findings regarding the "necessity of bail" are almost always barebones and conclusory, amounting to little more than a recitation of the crimes charged; any prior arrests or failures to appear; and a statement of whether he is setting bail based on a perceived flight risk or danger to the community, unaccompanied by any explanation that would enable a reviewing court to substantively evaluate his reasoning. *Id.* Nor does Judge Collins provide or any explanation for why the chosen dollar amount is necessary to protect any interest of the state. *See e.g.*, *State v. Antolini*, No. 191130 (Hamblen Cnty. Gen. Sessions Ct. Jan. 22, 2021), T&K Resp. to RFPD Ex. C, at 3. Accordingly, Sheriff Jarnagin is likely detaining many more individuals than those discussed above in violation of this Court's Preliminary Injunction Order.

Plaintiffs will continue to review discovery and will provide more specific information concerning Defendants' post-November 30, 2020, bail practices as soon as they are able.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court take appropriate measures to enforce compliance with its November 30, 2020, Order.

Dated: April 27, 2021                                             Respectfully Submitted,

10

/s/ Tara Mikkilineni
Tara Mikkilineni (D.C. Bar 997284)
(admitted *pro hac vice*)
Ellora Thadaney Israni (C.A. Bar 331877)*
(admitted *pro hac vice*)
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Tel: 202-894-6124
Fax: 202-609-8030
Email: tara@civilrightscorps.org
　　　　ellora@civilrightscorps.org

* *Admitted to practice in California. Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(8), with supervision by Ryan Downer.*

/s/ Jonathan Backer
Seth Wayne (D.C. Bar 888273445)
(admitted *pro hac vice*)
Jonathan Backer (D.C. Bar 1613073)
(admitted *pro hac vice*)
Mary B. McCord (D.C. Bar 427563)
(admitted *pro hac vice*)
Institute for Constitutional Advocacy
and Protection (ICAP)
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 202-662-9042
Email: sw1098@georgetown.edu
　　　　jb2845@georgetown.edu

/s/ George T. Lewis
George T. Lewis, III (T.N. Bar 7018)
Matthew G. White (T.N. Bar 30857)
(admitted *pro hac vice*)
Baker Donelson
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919
Tel: 865-549-7000
Email: blewis@bakerdonelson.com
　　　　mwhite@bakerdonelson.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of April, 2021, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Eastern District of Tennessee, using the electronic case filing system of the Court. This filing will be served in accordance with the Federal Rules of Civil Procedure.

/s/ Jonathan Backer