**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

MICHELLE TORRES, *et al.*, on behalf of themselves and those similarly situated,

Plaintiffs,

v.

W. DOUGLAS COLLINS, in his official capacity as Hamblen County General Sessions Judge, *et al.*,

Defendants.

Case No. 2:20-cv-00026-DCLC-CRW

(Class Action)

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO QUASH DEFENDANTS' SUBPOENAS DUCES TECUM

On July 14, 2021, this Court held a hearing on Plaintiffs' Motion to Quash Defendants' Subpoenas Duces Tecum ("Pls.' Mot."), ECF No. 119. Among other privileges and exceptions from discovery, Plaintiffs' Motion asserts that communications between Plaintiffs' counsel and attorney Willie Santana are exempt from discovery under Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Plaintiffs invoke Rule 26(b)(4)(D) because Mr. Santana is an expert on the Hamblen County General Sessions Court's bail practices and norms with whom Plaintiffs informally consulted in anticipation of litigation and whom Plaintiffs do not intend to call as a witness. Pls.' Mot. 5–8. In response to a question from the Court, Plaintiffs' counsel disclosed that, in February 2020, Plaintiffs' counsel and Mr. Santana agreed that Mr. Santana was serving as an "informal consulting expert." The nature of Mr. Santana's service to Plaintiffs' counsel was the same between May 2019 and February 2020 that it has been since February 2020. It has never changed. Plaintiffs therefore maintain that the communications reflecting their informal

1

consultation with Mr. Santana from May 2019 onward are not discoverable under Rule 26(b)(4)(D).

To be clear, Plaintiffs do not argue that Defendants are prohibited from obtaining any discovery from Mr. Santana.  Given that Mr. Santana regularly practiced before the Hamblen County General Sessions Court and visited the Hamblen County Jail, he has been an eyewitness to the shortcomings of the Court's bail practices and the conditions of the jail.  Although it is difficult for Plaintiffs to imagine why Defendants would need to obtain discovery from Mr. Santana, given that they themselves have superior knowledge of those issues, nothing precludes Defendants from deposing Mr. Santana about relevant facts that he has observed.  But Defendants may not discover communications between Plaintiffs' counsel and Mr. Santana, which reflect the mental impressions of both Plaintiffs' counsel and Mr. Santana concerning anticipated litigation. Permitting discovery of such informal and confidential communications would violate the basic tenets of "[ ]fairness" that Rule 26(b)(4)(D) is meant to uphold.  Advisory Committee's Note to 1970 Amendments of Fed. R. Civ. P. 26, 48 F.R.D. 487, 505 (1970) (internal quotation marks omitted).

Plaintiffs' position is supported by *USM Corp. v. American Aerosols, Inc.*, 631 F.2d 420 (6th Cir. 1980).  In that case, the Sixth Circuit held that whereas "discovery concerning experts retained or specially employed in anticipation of litigation but not expected to be called as witnesses can . . . be had upon a showing of exceptional circumstances" under Rule 26(b)(4)(D) (Rule 26(b)(4)(B) at that time), "[d]iscovery of information received from an expert informally consulted in anticipation of trial, but not retained or specially employed is not provided for in Rule 26(b)(4)" and therefore is not "permissible" under *any* circumstances.  *Id.* at 424–25.

Because of the informal nature of communications that are immune from discovery under Rule 26(b)(4)(D), there is no requirement that a party formally agree in writing or even orally for its communications pursuant to an informal consultation relationship to be nondiscoverable. In *American Aerosols*, a principal at a manufacturer wrote to a principal at a competitor firm in anticipation of contract litigation concerning one of his company's products asking the competitor to provide his "unbiased and analytical evaluation of what in fact went wrong" with the product at issue. *Id.* at 424 (quoting letter). The Sixth Circuit held that the responsive letter was not discoverable because the competitor was "contacted . . . on an informal basis" and was not "'specially employ[ed].'" *Id.* at 425 (quoting Fed. R. Civ. P. 26(b)(4)(B) (now, Fed. R. Civ. P. 26(b)(4)(D)). In reaching that conclusion, the Sixth Circuit emphasized the fact that the competitor's analysis was sought after litigation was anticipated and that he received no compensation for his services as "strong support [for] the trial court's ruling" that the letter was nondiscoverable. *Id.* The opinion is silent as to whether the two competitors ever agreed in writing or orally to form an informal consulting relationship; that is, whether the competitors ever labeled their interactions an "informal consulting" relationship had no bearing on whether Rule 26(b)(4)(D)'s protections applied.

Other courts have held that communications amounting in substance to informal consultation between a litigant and a nontestifying expert are nondiscoverable, independent of whether or when any written or oral agreement defining the scope of the consulting relationship was made. *See Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-04984-JST (MEJ), 2015 WL 1022886, at *2–3 (N.D. Cal. Mar. 6, 2015) (holding that plaintiffs in a false-advertising lawsuit were not obligated under Rule 26(b)(4)(D) to disclose the identity of the defendant's employee with whom their attorney communicated and noting that a "lawyer's decisions about which people to use in

confidence for which purposes in preparing a case for trial is as central to lawyering strategy as one can get." (quoting *In re Pizza Time Theatre Sec. Litig.*, 113 F.R.D. 94, 98 (N.D. Cal. 1986))); *Baki v. B.F. Diamond Constr. Co.*, 71 F.R.D. 179, 182 (D. Md. 1976) ("To allow discovery of the identity of such persons merely consulted informally would be to interfere unduly with and hamper pre-trial preparation and investigation." (internal citations omitted)).

The communications sought to be protected between Plaintiffs' counsel and Mr. Santana bear all the hallmarks of information that is not discoverable under Rule 26(b)(4)(D). Plaintiffs' counsel began consulting with Mr. Santana in May 2019 concerning "the bail-setting norms and practices in [the Hamblen County] General Sessions [C]ourt" so that they could benefit from his "observations, opinions and conclusions" in laying the foundation for this lawsuit. Mikkilineni Decl. ¶ 4, ECF No. 119-12. At least as of July 2019, those communications were in anticipation of litigation. Robbie Johnson-Loveday's Resp. Interrog. No. 5, ECF No. 131-1. Plaintiffs neither "retained" nor "specially employed" Mr. Santana, and he received no compensation for consulting with Plaintiffs' counsel. Fed. R. Civ. P. 26(b)(4)(D). Plaintiffs' relationship with Mr. Santana always was and continues to be an informal consulting relationship, formed in May 2019. The oral agreement between Plaintiffs' counsel and Mr. Santana in February 2020 merely affixed a label to the relationship that already existed and continues to exist to this day. It changed nothing about the nature of Mr. Santana's role in this litigation. Thus, Mr. Santana's communications with Plaintiffs' counsel from May 2019 onward are nondiscoverable under Rule 26(b)(4)(D).

If, however, this Court holds that Rule 26(b)(4)(D) does not bar discovery of all or some of Plaintiffs' communications with Mr. Santana, many of those communications would nonetheless be protected by the common interest privilege and/or as attorney work product, as the supplemented privilege log that Plaintiffs will produce pursuant to the Court's July 14, 2021, order

4

will demonstrate.  *See* Fed. R. Civ. P. 26(b)(3); Pls.' Mot. 11 n.9.  Accordingly, this Court should

quash Defendants' subpoenas irrespective of how it resolves Plaintiffs' assertion of an exemption

from discovery under Rule 26(b)(4)(D).

Dated: July 19, 2021                                      Respectfully Submitted,

/s/  Tara Mikkilineni                              /s/ Jonathan Backer
Tara Mikkilineni (D.C. Bar 997284)                 Seth Wayne (D.C. Bar 888273445)
(admitted *pro hac vice*)                          (admitted *pro hac vice*)
Ellora Thadaney Israni (D.C. Bar 1740904)          Jonathan Backer (D.C. Bar 1613073)
(admitted *pro hac vice*)                          (admitted *pro hac vice*)
Civil Rights Corps                                 Mary B. McCord (D.C. Bar 427563)
1601 Connecticut Ave NW, Suite 800                 (admitted *pro hac vice*)
Washington, DC 20009                               Institute for Constitutional Advocacy
Tel: 202-894-6124                                  and Protection (ICAP)
Fax: 202-609-8030                                  Georgetown University Law Center
Email: tara@civilrightscorps.org                   600 New Jersey Ave. NW
          ellora@civilrightscorps.org              Washington, D.C. 20001
                                                   Tel: 202-662-9042
                                                   Email: sw1098@georgetown.edu
                                                             jb2845@georgetown.edu

                                                   /s/  George T. Lewis
                                                   George T. Lewis, III (T.N. Bar 7018)
                                                   Matthew G. White (T.N. Bar 30857)
                                                   (admitted *pro hac vice*)
                                                   Baker Donelson
                                                   265 Brookview Centre Way, Suite 600
                                                   Knoxville, TN 37919
                                                   Tel: 865-549-7000
                                                   Email: blewis@bakerdonelson.com
                                                             mwhite@bakerdonelson.com

                                                   *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of July, 2021, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Eastern District of Tennessee, using the electronic case filing system of the Court. This filing will be served in accordance with the Federal Rules of Civil Procedure.

/s/ Jonathan Backer