# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

MICHELLE TORRES, *et al.*, on behalf of themselves and those similarly situated,

        Plaintiffs,

     v.

W. DOUGLAS COLLINS, in his official capacity as Hamblen County General Sessions Judge, *et al.*,

        Defendants.

Case No. 2:20-cv-00026-DCLC-CRW

(Class Action)

## SUPPLEMENTAL REPORT OF THE SPECIAL MASTER

The Special Master filed his Report on December 10, 2021 making certain findings and conclusions regarding the discoverability of communications between Plaintiffs' counsel and attorneys and other representatives of the Third Judicial District Public Defenders Office ("PD Office" and/or "PD Attorneys"). (ECF 174). In the Report, the Special Master noted that the Plaintiffs had produced for *in camera* inspection a number of documents that could not be adequately reviewed due to redactions. These included:

| | | | |
|---|---|---|---|
| TORRES000766–68 | TORRES000776–78 | TORRES000780–81 | TORRES000785 |
| TORRES000794–814 | TORRES000816–18 | TORRES00820–21 | TORRES000828–29 |
| TORRES000831–36 | TORRES000840 | TORRES000849–53 | TORRES000859–61 |
| TORRES000880 | TORRES000890 | TORRES000920 | TORRES000923 |
| TORRES000925–26 | TORRES000929 | TORRES000936 | TORRES000938 |
| TORRES000940 | | | |

(ECF 174, #3964) ("Redacted Withheld Materials"). On December 14, 2021, the Court entered

1

an Order directing that (1) the Plaintiffs produce for *in camera* inspection unedited versions of the Redacted Withheld Materials, and (2) the Special Master prepare and file a supplemental report "addressing these email communications in the same manner as the report addressed all other communications." (ECF 176).

The Plaintiffs produced the unedited Redacted Withheld Materials to the Special Master on December 14, 2021.[1] Based upon a review of the Redacted Withheld Materials, the Special Master makes the following supplemental findings.

**<u>Non-Responsive Communications</u>**

The subpoenas that the Plaintiffs moved to quash sought communications between the Civil Rights Corps ("CRC") or the Institute for Constitutional Advocacy ("ICAP") and the PD Office or PD Attorneys. The redacted emails on the following Bates-numbered pages within the Redacted Withheld Materials are internal communications among attorneys representing the Plaintiffs and do not involve the PD Office or the PD Attorneys. Moreover, the redacted emails did not forward otherwise protected or non-responsive communications to third parties, such as the PD Office or PD Attorneys, that would render them responsive and discoverable.[2] As a result, the Plaintiffs may withhold the following Bates-numbered pages in their entirety from production because the redacted portions are not responsive to the Defendants' subpoenas and, as determined in the Report (ECF 174, #3982–84), the work-product doctrine protects the non-redacted segments

---

[1] The Plaintiffs also produced several training-related documents, including email and text-message communications between Plaintiffs' counsel and attorneys with the Third Judicial District Public Defenders Office. The Plaintiffs represented that they are producing the training-related documents to Defendants and, consequently, the Special Master finds that any previously asserted protection claims, if any, are moot.

[2] For example, when redacted, TORRES000777 appears to show Plaintiffs' counsel forwarding information to PD Attorney Willie Santana. However, the redacted portion turned out to be additional emails in a chain, all of which post-dated the original email.

2

from discovery.

| TORRES000766 | TORRES000768 | TORRES000776–78 | TORRES000780 |
| TORRES000785 | TORRES000794–814 | TORRES000816–18 | TORRES000820–21 |
| TORRES000828 | TORRES000831–36 | TORRES000840 | TORRES000849–53 |
| TORRES000859–60 | TORRES000880 | TORRES000890 | TORRES000920 |
| TORRES000923 | TORRES000925–26 | TORRES000936 | TORRES000940 |

The Plaintiffs may also withhold from production the July 21, 2021 email between two CRC attorneys shown on TORRES000929, and its duplicate shown on TORRES000938, because it is non-responsive to the subpoenas.  However, the Plaintiffs shall produce the other emails on TORRES000929 and TORRES000938 because they are pre-September 2019 documents that neither Rule 26(b)(4)(D), the common-interest doctrine, nor the work-product doctrine protect from discovery.  (*See* ECF 174, #3983).

**<u>Responsive Communications and Protection Rulings</u>**

Four pages of the Redacted Withheld Materials contain inappropriately redacted responsive communications between CRC or ICAP and PD Attorney Willie Santana.  The page identified as TORRES000767 contains a January 20, 2020 email from Santana to CRC attorneys with a copy to PD Attorney Ethel Rhodes. This email is responsive to the Defendants' subpoenas, but the Plaintiffs did not include it in their privilege logs.  However, the participants in this email created it after the Plaintiffs reasonably anticipated litigation and, thus, the work-product doctrine protects it from discovery.  The Plaintiffs may therefore withhold production of TORRES000767.

The page identified as TORRES000781 contains a January 14, 2020 email from PD Attorney Santana to CRC attorneys. This email is responsive to the Defendants' subpoenas, but the Plaintiffs did not include it in their privilege logs.  Nevertheless, the work-product doctrine protects it from discovery because the context and date show that the participants created it in

3

anticipation of litigation. The Plaintiffs may therefore withhold production of TORRES000781.

The page identified as TORRES000829 shows one email dated August 12, 2019 from PD Attorney Santana to a CRC attorney. This email, which the Plaintiffs did not specifically identify in their privilege logs, is responsive to the Defendants' subpoenas and should not have been redacted. And with insufficient evidence that the Plaintiffs reasonably anticipated litigation prior to September 4, 2019 (ECF 174, #3982), the work-product doctrine does not protect it from disclosure. The Plaintiffs shall produce TORRES00829.

The redactions on the page identified as TORRES000861 cover-up two emails. The first, dated December 4, 2019, is an email among the Plaintiffs' lawyers that does not involve the PD Office or PD Attorneys. Thus, this email is non-responsive to the Defendants' subpoenas and the Plaintiffs may withhold it from production. The second, dated December 4, 2019, is an email from PD Attorney Santana forwarding a message to a CRC attorney. The Plaintiffs did not specifically identify this email in their privilege logs even though it is responsive to the subpoenas. Nevertheless, the context and date of the email reveal that the participants created it in anticipation of litigation, and the work-product doctrine therefore protects it from disclosure. The Plaintiffs may withhold from production the entirety of TORRES000861.

* * *

In sum, the Special Master renders the following supplemental findings following a review of the Redacted Withheld Materials:

A. The Plaintiffs may withhold production of TORRES000766, TORRES000768, TORRES000776–78, TORRES000780, TORRES000785, TORRES000794–814, TORRES000816–18, TORRES000820–21, TORRES000828, TORRES000831–36, TORRES000840, TORRES000849–53, TORRES000859–60, TORRES000880,

4

TORRES000890, TORRES000920, TORRES000923, TORRES000925–26, TORRES000936, and TORRES000940 because the redacted portions do not involve communications with the PD Office or PD Attorneys and the work-product doctrine protects the other segments from disclosure.

B.      The Plaintiffs may withhold from production the July 21, 2021 email between two CRC attorneys shown on the top of TORRES000929 and TORRES000938.  The Plaintiffs shall produce the remaining portions of TORRES000929 and TORRES000938.

C.      The Plaintiffs may withhold production of TORRES000767, TORRES000781, and TORRES000861 because, even though the Plaintiffs should not have redacted them, the work-product doctrine protects them from disclosure.

D.      The Plaintiffs shall produce TORRES00829 because neither Rule 26(b)(4)(D), the common-interest doctrine, nor the work-product doctrine shield it from discovery.

*s/ E. Todd Presnell*_____
E. Todd Presnell
Special Master

BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37215
tpresnell@bradley.com

5

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 15th day of December, 2021, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Eastern District of Tennessee, using the electronic case filing system of the Court, and through that system served the following:

Ellora Israni
Tara Mikkilineni (D.C. Bar 997284)
(admitted *pro hac vice*)
Ellora Thadaney Israni (D.C. Bar 1740904)
(admitted *pro hac vice*)
Ryan Downer (D.C. Bar 1013470)
(admitted *pro hac vice*)
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Tel: 202-894-6124
tara@civilrightscorps.org
ellora@civilrightscorps.org

Seth Wayne (D.C. Bar 888273445)
(admitted *pro hac vice*)
Jonathan Backer (D.C. Bar 1613073)
(admitted *pro hac vice*)
Mary B. McCord (D.C. Bar 427563)
(admitted *pro hac vice*)
Institute for Constitutional Advocacy and Protection (ICAP)
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 202-662-9042
sw1098@georgetown.edu
jb2845@georgetown.edu

George T. Lewis, III (T.N. Bar 7018)
Matthew G. White (T.N. Bar 30857)
(admitted *pro hac vice*)
Baker Donelson
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919
Tel: 865-549-7000
blewis@bakerdonelson.com
mwhite@bakerdonelson.com

Arthur F. Knight, III, BPR # 016178
Jonathan Swann Taylor, BPR # 025094
Hilary L. Magacs, BPR # 036864
Caitlin C. Burchette, BPR # 037026
TAYLOR & KNIGHT, GP
800 S. Gay Street, Suite 600
Knoxville, TN 37929
Phone: 865- 971-1701
Fax: 865-971-1705
amber@taylorknightlaw.com

*/s/ E. Todd Presnell*
E. Todd Presnell

6