UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| MICHELLE TORRES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) 2:20-CV-26 |
| | ) |
| W. DOUGLAS COLLINS, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

On October 6, 2021, the Court appointed Attorney Todd Presnell as a Special Master to conduct a review of certain communications which Plaintiffs contended were not subject to disclosure for various reasons, and to issue a Report and Recommendation as to whether Plaintiffs should be required to disclose the communications to Defendants. [Doc. 160]. The Court determined that it was necessary to appoint a Special Master due to the voluminous nature of the communications at issue. On December 10, 2021, the Special Master filed his initial report [Doc. 174] which was followed by a supplement on December 15, 2021. [Doc. 178]. The supplement was required because despite the Court's clear instructions to provide "**all, meaning without exception**, allegedly privileged communications" to the Special Master, Plaintiffs redacted certain communications, which prohibited the Special Master from conducting the necessary review of them. [Doc. 160, p. 2-3] (emphasis contained in original Order). The Court entered an Order on December 13, 2021 [Doc. 176] requiring Plaintiffs to supply unredacted copies of the communications in accordance with the Court's prior Order. [Doc. 160, p. 2-3].

On December 15, 2021, the Court held a status hearing to initially address the Report and Recommendation with the parties. At that time, the Court inquired as to whether the parties expected to file objections to the Report and Recommendation and if any were filed, whether they were requesting the Court to conduct a hearing on them. Defendants advised the Court that they would not be filing objections, but Plaintiffs were not yet sure whether they would be filing objections; however, counsel for both Plaintiffs and Defendants advised that they did not wish to be heard on any objections filed. In accordance with Federal Rule of Civil Procedure 53(f)(1), the Court then ordered the parties to file any objections they had to the Special Master's Report and Recommendation on or before December 22, 2021. [Doc. 180]. The Court received objections from Plaintiffs. [Doc. 184], to which Defendants filed a response. [Doc. 186]. Defendants did not object to the Report and Recommendation.

The Court has now conducted a thorough review of the Report and Recommendation, Plaintiff's objections thereto and Defendants' response to those objections. The Court finds the Special Master's Report and Recommendation to be well-reasoned and it is adopted except as specifically noted below.

I.       **STANDARD OF REVIEW AND APPLICABLE LAW**

Federal Rule of Civil Procedure 53 provides the applicable standard of review for findings of fact and conclusions of law presented by a special master. *Horizon Glob. Americas Inc. v. Curt Mfg., LLC*, No. 17-11879, 2020 WL 1303212, at *1 (E.D. Mich. Mar. 18, 2020). In evaluating a special master's report, the Court is directed to review de novo all objections to factual findings and legal conclusions. Fed. R. Civ. P. 53(f)(3)-(4). A special master's ruling on procedural matters will be reviewed using an abuse of discretion standard. Fed. R. Civ. P. 53(f)(5). After reviewing

objections utilizing these standards, the Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1).

The Special Master's report in this case addresses issues of discovery. "Discovery is the lifeblood of litigation and, as such, it 'must be initiated and responded to responsibly, in accordance with the letter and spirit of the discovery rules, to achieve a proper purpose (i.e., not to harass, unnecessarily delay, or impose needless expense).'" *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 202 (E.D. Mich. 2018) (quoting *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 360 (D. Md. 2008)). The scope of discovery is within the sound discretion of the Court. *Canter v. Ankermes Blue Care Elect Preferred Provider Plan*, 328 F.R.D. 485, 495 (S.D. Ohio 2018). Federal Rule of Civil Procedure 26 sets the following scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). With these guidelines in mind, the Court turns to an analysis of Plaintiffs' objections.

## II. ANALYSIS

Plaintiffs' primary objection is that the Special Master erred in finding that the common interest privilege did not apply to communications between their counsel and members of the Public Defenders' Office. *See* [Doc. 184, pp. 3-10]. As a secondary matter, Plaintiffs assert that even if the common interest privilege does not protect the communications at issue, many are protected by attorney-client privilege or the work-product doctrine. Plaintiffs further claim that TORRES001427 should be treated differently as that document contains communications between

only counsel for Plaintiffs in this matter. *Id.* at 10. Plaintiffs also include a section in their objections addressing other findings made by the Special Master, even though they provided the documents to Defendants' counsel that the Special Master recommended they be required to produce because of the findings.

### a. *Plaintiffs' objections pertaining to the common interest privilege are unsupported by applicable law.*

Plaintiffs submit the Special Master erred in recommending that certain communications be disclosed because the disclosure would violate the common interest privilege. [Doc. 184, pp. 3-4]. Plaintiffs allege the Special Master's errors are based on the following three conclusions:

> (1) common interest privilege does not apply to communications between lawyers for the same client;
> (2) the record lacks sufficient evidence to demonstrate the public defenders in question continued representing Plaintiffs at the time they exchanged information with Plaintiffs' counsel; and
> (3) the materials at issue are not protected by any underlying privilege.

*Id*. at 4 (citing Doc. 174, p. 2). The Court, in undertaking its task of reviewing the Special Master's report de novo has evaluated these alleged errors and Defendants' responses.

Plaintiffs suggest that the common interest privilege shields communications between lawyers representing the same party in different actions. *Id*. at 4-5. The Special Master, in explaining the purpose and applicability of common-interest doctrine, noted the Sixth Circuit "has not overtly adopted specific requirements that the doctrine's proponent must prove to secure protection." [Doc. 174, p. 20 (collecting cases)]. Looking more broadly, the Special Master offered the following observation of commonly accepted elements of the common-interest doctrine:

> Intra-circuit courts and courts from other circuits, however, have agreed on certain elements of the common-interest doctrine. First, the doctrine applies to two or more parties who are each represented by separate counsel. *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 365 (3d Cir. 2007), *as amended* (Oct. 12, 2007). Second, this non-waiver doctrine covers only information that the attorney–client privilege or

> work-product doctrine protects in first instance; it does not shield all communications simply because the parties have sufficiently aligned interests. *In re Com. Money Ctr., Inc., Equip. Lease Litig.*, 248 F.R.D. 532, 536 (N.D. Ohio 2008) (ruling that the doctrine has no application unless the exchanged information "is . . . protected by the attorney–client privilege or work product doctrine"). Third, the information-sharing parties must have a common legal, as opposed to commercial, interest, *Harper v. Everson*, No. 3:15-CV-00575-JHM, 2016 WL 8201785, at *7 n.5 (W.D. Ky. June 27, 2016), and share the protected information for the purpose of pursuing a common legal strategy. *Moss*, 9 F.3d at 550 (stating that the doctrine's protection applies to communications shared as part of "an on-going and joint effort to set up a common defense strategy") (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 94 (3d Cir. 1992)); *Cooey v. Strickland*, 269 F.R.D. 643, 652 (S.D. Ohio 2010) (noting that the doctrine applies where information is shared with an intent to further the common legal interest).

*Id.* at 21-22. Plaintiffs argue these limitations on the common interest doctrine would create a "startling loophole" as it would preclude attorneys representing an individual in separate matters from pursuing common legal goals. In support of this proposition, Plaintiffs cite to a Southern District of Texas case standing for the principle that common interest privilege may protect communication between an individual's lawyers representing that individual in related matters. *Booth v. Galveston Cty.*, No. 3:18-CV00104, 2018 WL 5276265, at *2 (S.D. Tex. Oct. 10, 2018). The Court finds this case inapplicable to the instant action. In *Booth,* a party's criminal defense counsel communicated with another attorney to obtain civil representation for their client and nothing more. *Id.* The *Booth* court made it clear that it was the nature of the exchange of information that provided the protection, i.e., the attempt to aid in securing counsel. *Id.* In fact, the court found that portions of the email exchange had to be disclosed as they did not relate to securing counsel for the person at issue. *Id.* at 2-3.

Plaintiffs also direct the Court to a footnote in an older Seventh Circuit opinion; in evaluating that case, the Court observes that the quoted material is taken from a passage considering protection for attorneys representing the same client in the same matter rather than attorneys representing the same person in separate and distinct cases working to advance a similar

legal goal. *See Natta v. Zletz*, 418 F.2d 633, 637 n.3 (7th Cir. 1969). The bankruptcy opinion cited by Plaintiffs while somewhat analogous is distinguishable from the case at hand as well. The cited passage contemplates attorneys working in different capacities for the same company. *See Brown v. Adams (In re Fort Worth Osteopathic Hosp., Inc.)*, Nos. 05-41513-DML-7, 05-41503-DML-7, 07-04015-DML, 4:07-CV-206-Y, 2008 Bankr. LEXIS 3156 at *51 (Bankr. N.D. Tex. Nov. 14, 2008). This limited amount of persuasive authority does not convince the Court that the Special Master erred in concluding that communications between the attorneys here were not protected by the common interest doctrine. The Court concludes that the cases cited by Plaintiffs do not demonstrate that the Special Master erred in concluding that the common interest privilege was unavailable to shield communications in this matter.

Moreover, the Court finds that even if the doctrine applied, Plaintiffs failed to meet their burden of demonstrating that there was an agreement to pursue a common goal. While the Court recognizes that the parties have a shared interest in a constitutionally appropriate bail-setting process and that an agreement to jointly pursue that interest does not have to be in writing, the Special Master appropriately concluded that the record before the Court does not contain evidence sufficient to support a conclusion that the parties were pursuing a joint legal strategy.

Further, the Court finds that the Special Master appropriately concluded that there was insufficient evidence in the record to demonstrate that members of the Public Defenders' Office continued to represent Plaintiffs throughout the pendency of the instant action. In fact, the communications at issue make it clear that there were breaks in the representation. Plaintiffs cannot leave the Court to guess as to which have or have not been represented at a particular moment in time.

Plaintiffs' counsel claim that even if the common interest privilege does not protect the communications between them and members of the Public Defenders' Office, the attorney-client privilege and attorney work-product doctrine shield many of the communications. As to those documents where they seek the protection of the work-product doctrine, Plaintiffs' counsel note that the documents contain communications reflecting their "mental impressions, opinions, and/or strategies". [Doc. 184, p. 9]. Plaintiffs' counsel additionally contend that they should be granted the benefit of the attorney-client privilege and work-product doctrine even if they did not specifically assert them in the privilege log in addition to the common interest privilege. The Court finds that Plaintiffs should have separately asserted these purported protections as a basis for privilege if they intended to rely upon them as an alternate basis for protecting the communications. Nevertheless, the Court has substantively considered Plaintiffs' objections and found that they are without merit[1]. The documents that are to be produced primarily convey information of a factual nature that is not protected by any privilege. The mere fact that there is an occasional observation sandwiched in along with the facts conveyed does not convert the entire document containing multiple communications to one shielded by attorney-client privilege or attorney work-product. Plaintiffs' privilege log does not address individual communications within a document but rather treats the entire document as a single communication; therefore, the Special Master was entitled to consider the document as a whole.

    b.   *__Plaintiffs' objection to disclosing TORRES001427.__*

Plaintiffs claim the Special Master erred in recommending that communications contained in TORRES001427 be disclosed because they were between only Plaintiffs' counsel handling the

---

[1] While the Court does not find it proper to exclude from disclosure any of the documents objected to based upon the work-product doctrine, the Court has determined that certain of the documents do not have to be disclosed because they are not relevant to the claims raised by the parties, as addressed below.

instant litigation and address case strategy. The Court has independently reviewed this document and notes that Plaintiffs' description of the communications is accurate and further observes that the communications do not include any member of the Public Defender's Office or other third-party. For these reasons, the Court finds that this document is not subject to disclosure.

### c. *Analysis of the documents at issue for relevance.*

As noted above, discovery is limited to information relevant to the claims and defenses raised by the parties and must be proportional to the case. Fed. R. Civ. P. 26(b)(1). The Sixth Circuit has explained that in applying this provision "'[a] district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided.'" *Sigmon v. Appalachian Coal Properties, Inc.*, 400 F. App'x. 43, 50 (6th Cir. 2010) (quoting *Green v. Nevers*, 196 F.3d 627, 632 (6th Cir. 1999)).

Here, because Plaintiffs had failed to provide a privilege log which complied with applicable rules and had omitted numerous communications from the log about which there was a clear dispute as to the application of privilege, the Court was left with no choice but to Order that all communications between Plaintiffs' counsel and members of the Public Defenders' Office be produced. As a result, in complying with the Court's Order, Plaintiffs ultimately produced certain communications that were not relevant to the issues to be decided in this litigation. Additionally, several documents contained some communications that are relevant and others that are not. In considering the communications Plaintiffs have objected to disclosing, the Court has analyzed them for relevance in addition to considering the various privilege issues raised[2].

---

[2] The Court would be entitled to forego this analysis as it was Plaintiffs' failure to meet its discovery obligations initially that led to entry of the Court's Order requiring disclosure of all communications. Additionally, as refenced elsewhere in this Order, Plaintiffs in preparing a privilege log failed to address separately the various communications contained in one document, instead asserting the same privilege(s) as to all communications contained in the document.

The Court has determined that all communications contained in the following documents are relevant to the issues raised by the parties in this litigation: TORRES000698, 755[3], 759, 760, 763, 764, 765, 949, 952, 953, 959, 960, 961, 962, 963, 964, 965, 1218, 1219, and 1220. As such, the Court orders that these documents, in full, be disclosed to counsel for Defendants by 5:00 p.m. on January 31, 2022. *See* Fed. R. Civ. P. 26(b)(1)

The Court finds that some of the documents still at issue contain a mix of relevant and irrelevant communications and that only the relevant communications in these documents are subject to disclosure. *Id.* The Court's chambers has provided Plaintiffs' counsel with hard copies of these documents containing "mixed" communications with specific instructions as to what they may redact. Plaintiffs' counsel shall provide the following document numbers to Defendants by 5:00 p.m. on Monday, January 31, 2022, with the redactions indicated by the Court: TORRES000699, 757, 942, 944, 945, 948, 950, 951, and 954.

The Court specifically finds that the following document numbers are not subject to disclosure because they are not relevant to the issues raised by the parties in this litigation: TORRES00758, 761, 762[4], 943, 946, and 947. *Id.* Additionally, the Court finds that the following documents should not be disclosed as they may be subject to attorney-client privilege and are of limited relevance: TORRES000700, 701, 749, and 750[5]. While Defendants make a well-reasoned argument that Plaintiffs waived any claim to attorney-client privilege by failing to assert it in the privilege log they filed and there is a question about whether the communications are protected by that privilege at all, the Court notes that the only information contained in these document numbers

---

[3] As to this document, the Court notes that it was sent to a third-party unrelated to this case.
[4] The communications contained in Documents 761 and 762 are almost identical.
[5] The actual communications contained in Documents 749 and 750 are duplicates of those contained in Documents 700 and 701. Apparently, t he documents were provided separately by both parties to the conversation.

which is relevant to the issues raised by the parties in this litigation is very limited and readily accessible to Defendants through alternate, public means. Further, requiring disclosure of the information would not be proportional to the needs of the case.

The Court notes that the information contained in the following two documents is fully duplicated in other documents which the Court has already addressed above: TORRES000747 and 748. As such, Plaintiffs shall not be required to produce these duplicative documents.

### d. *Plaintiff's objections to other determinations by Special Master.*

Although Plaintiffs chose to disclose those emails to which they had originally objected based solely upon the consulting expert privilege as well as certain other emails they claim were irrelevant, they nevertheless addressed the issue in their objections.

As to the issue of Willie Santana serving as a consulting expert, the Court finds that the Special Master properly analyzed the applicable law as well as the application of that law to the facts at issue here. While Plaintiffs' counsel point to one email communication between them and Mr. Santana where he specifically provided his interpretation of how a particular Tennessee bail provision would apply, the email communications between Mr. Santana and Plaintiffs' counsel support a finding that his role was primarily to provide factual observations to Plaintiffs' counsel.

With that said, the Court acknowledges the importance of protecting from disclosure the opinions of consulting experts. Mr. Santana simply was not acting in that capacity in this litigation.

As to issues of relevance, Plaintiffs point to several communications that they agreed to disclose where they claim the subject matter of the communication was not relevant to the litigation. While the Court agrees that this is the case in certain instances, the Court further notes that those irrelevant communications were typically included with relevant communications in the same text messaging thread or email chain, with no delineation of the relevant from the irrelevant

in the privilege log. In fact, in many instances, multiple documents were contained on the same line in the privilege log. It was not the Special Master's responsibility to sort the two when Plaintiffs failed to do so.

### III.  CONCLUSION

For reasons set forth above, the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation of the Special Master, including the Supplement thereto, except as specifically noted above. [Doc. 174 and 178]. It is further ORDERED that Plaintiffs shall disclose the communications indicated above by 5:00 p.m. on January 31, 2022. The Special Master is ordered to submit to the Court a bill for services and the Court will then review the Special Master's charges for reasonableness. After doing so, the Court will enter an Order allocating payment of the Special Master's reasonable cost of services between the parties.

For clarity of the record, this Order **OVERRULES** Plaintiffs' Objection [Doc. 184] to the Report and Recommendation of the Special Master except as specifically noted above. The Order further **GRANTS** in part and **DENIES** in part Plaintiffs' Motion to Quash Third-Party Subpoenas [Doc. 119] and Defendants' Motion to Compel Compliance with Subpoena Duces Tecum [Doc. 147], in the manner set forth above. Defendant's Motion to Extend the Discovery Deadline [Doc. 156] is **DENIED** without prejudice. Should Defendants believe it is necessary to engage in further discovery based upon the disclosure of communications made by Plaintiffs in conjunction with the Report and Recommendation of the Special Master and the Court's Order addressing it, a new Motion shall be filed setting forth the specific discovery requested and why it is necessary in light of Plaintiffs' disclosures.

SO ORDERED:  s/Cynthia Richardson Wyrick
United States Magistrate Judge