IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

MICHELLE TORRES, *et al.*, on behalf of themselves and those similarly situated,

Plaintiffs,

v.

W. DOUGLAS COLLINS, in his official capacity as Hamblen County General Sessions Judge, *et al.*,

Defendants.

Case No. 2:20-cv-00026-DCLC-CRW

## PLAINTIFFS' RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

Plaintiffs hereby respectfully move this Court pursuant to Fed. R. Civ. P. 59(e) to alter its Sept. 30, 2024, Order and Judgment (Doc. 242) ("the Order"). Under that Rule, a party may move to alter or amend a judgment within 28 days of the entry of the judgment. Relevant here, such a motion may be granted (among other reasons) if there is "a clear error of law." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted). Plaintiffs' motion is timely, and the Order contains two clear errors that should be corrected.

### A. The Order Should Limit Injunctive Relief to the Defendant Sheriff and Include a Declaratory Judgment Applicable to All Defendants.

First, the Order permanently enjoins all Defendants without distinguishing between parties and does not contain a declaratory judgment. Plaintiffs have sought a permanent injunction only against the Defendant Hamblen County Sheriff.[1] *See* Compl. at 32 (praying for relief in the form

---

[1] The Complaint names Sheriff Esco R. Jarnagin as a Defendant in his official capacity as Hamblen County Sheriff. Compl. at 1. While this case was pending, Chad A. Mullins was elected Hamblen County Sheriff, replacing Sheriff Jarnagin. *See Sheriff's Department and Jail*, HAMBLEN COUNTY, TENNESSEE, https://perma.cc/JE6R-GREW (last visited Oct. 7, 2024). When "a public officer who

1

Case 2:20-cv-00026-DCLC-CRW    Document 243    Filed 10/28/24    Page 1 of 5
PageID #: 5681

of an "order and judgment preliminarily and permanently enjoining the Sheriff"). With regard to all Defendants, Plaintiffs seek a declaration that Defendants violate their rights on the constitutional grounds identified in Plaintiffs' claims. *Id.* Plaintiffs accordingly seek amendment of the Order to limit permanent injunctive relief to the Defendant Sheriff (with specificity, as discussed *infra*) and to add a declaratory judgment stating that all Defendants have violated Plaintiffs' rights by not complying with the requirements of the Sixth and Fourteenth Amendments, and declaring what the Constitution requires at hearings that address pretrial detention. *See* Plaintiffs' Proposed Declaratory Judgment and Permanent Injunction, Exhibit A.

### B. The Order Should be Amended to Specifically Describe the Enjoined Conduct.

Second, Fed. R. Civ. P. 65(d) mandates that every order granting an injunction must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." "[T]he specificity provisions of Rule 65(d) are no mere technical requirements." *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 362 (6th Cir. 2022) (citing *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam)). They serve two "important functions: (1) prevent[ing] uncertainty and confusion on the part of those faced with injunctive orders, and thus avoid[ing] a contempt citation on a decree too vague to be understood; and (2) enabl[ing] an appellate tribunal to know precisely what it is reviewing." *Id.* (cleaned up). The Rule requires that "an ordinary person reading the court's order [be] able to ascertain from the document itself exactly what conduct is proscribed." *Id.* (cleaned up). "An injunction order is typically vacated when it violates this standard." *Id.*

---

is a party in an official capacity . . . ceases to hold office while the action is pending," the "officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). Sheriff Mullins should be automatically substituted to replace Sheriff Jarnagin.

2

Here, the Order permanently enjoins Defendants from "bail practices which violate Plaintiffs' procedural due process rights under the Fourteenth Amendment and their Sixth Amendment right to counsel consistent with this Court's previous memorandum opinion and order [Doc. 229]." Doc. 242 at 1. This explicitly refers to another document—this Court's prior order—and does so "not for context but for content." *See Scott v. Schedler*, 826 F.3d 207, 213 (5th Cir. 2016) (vacating injunction that referred to "policies, procedures, and directives" without describing them). Applying Rule 65(d), the Sixth Circuit has consistently "rejected attempts to specify an injunction's requirements by reference to other documents." *James B. Oswald Co. v. Neate*, 98 F.4th 666, 678 (6th Cir. 2024) (vacating injunction that referred to agreement between the parties); *see also, e.g.*, *SEC v. Goble*, 682 F.3d 934, 952 (11th Cir. 2012) (a "person enjoined by court order should only be required to look within the four corners of the injunction to determine what he must do or refrain from doing."); Wright and Miller § 2955 ("Possibly the crux" of Rule 65(d)(1)(C) "is the prohibition against incorporation by reference."). Even if it could be incorporated, the referenced prior decision (Doc. 229) does not contain a detailed list of constitutional requirements for bail hearings. The Order would instead require Plaintiffs to review and interpret the reasoning in that opinion to determine whether the Defendants' actions violate the Order, and for Defendants to do the same to not risk sanction. The Order must be amended to comply with Rule 65(d).

Such an amendment must do more than simply remove the reference to the Court's prior memorandum opinion and order, even though relying on that reference for the content of the injunction is prohibited by Rule 65(d). Without the impermissible reference, the Court's Order merely commands that Defendants comply with the Constitution—that is, obey the law. "An injunction that does no more than prohibit any and all conduct in contravention of already existing

law is overbroad under the terms of Rule 65(d)." *Perez v. Ohio Bell Tel. Co.*, 655 F. App'x 404, 412 (6th Cir. 2016) (collecting cases). On its face, the Order "leaves too much 'guesswork' for defendants to structure their conduct." *Cromer*, 31 F.4th at 363 (quoting *Patriot Homes, Inc. v. Forest River Hous., Inc.*, 512 F.3d 412, 415 (7th Cir. 2008)). This Court should substantially amend the Order to set out with specificity the constitutional requirements for bail hearings that comply with its determination of the Fourteenth Amendment's guarantee of procedural due process and the Sixth Amendment's right to counsel, the two grounds upon which the Court granted summary judgment in Plaintiffs' favor.[2] Such a clarification would "add certainty to [Defendants'] efforts to comply with the order and provide fair warning as to what future conduct may be found contemptuous." [3] *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984). Plaintiffs have attached to this motion a proposed order to that effect.[4] *See* Plaintiffs' Proposed Declaratory Judgment and Permanent Injunction, Exhibit A.

---

[2] This motion should not be construed to concede that Plaintiffs' other constitutional claims lack merit, nor that Plaintiffs waive the right to raise any legal or factual issue on appeal.

[3] This is particularly necessary given evidence introduced by Plaintiffs that Defendants' practices under the preliminary injunction have continued to "demonstrate a fundamental misunderstanding of the basic constitutional requirements" for bail hearings. Doc. 201-1 at 32; *see also id.* at 7-9 (identifying practices that show continuing constitutional violations); Doc. 236 at 20-24 (same).

[4] Because the Court ruled against Plaintiffs on claims which Plaintiffs continue to maintain were valid, this proposal does not reflect any concession that relief limited to the claims on which Plaintiffs prevailed is an appropriate resolution to all of Plaintiffs' constitutional harms. Nor is Plaintiffs' proposal intended to demonstrate the only possible relief consistent with Rule 65(d). Plaintiffs merely offer the proposal to assist the Court in crafting an order that meets the specificity requirements of Rule 65 consistent with the holdings in the Court's summary judgment ruling.

## CONCLUSION

For the foregoing reasons, this Court should alter and amend its Order and Judgment (Doc. 242) to accurately reflect the portions of Plaintiffs' requested relief on which it entered judgment and to comply with the specificity requirements of Rule 65(d).

Respectfully submitted,

/s/ Seth Wayne
Seth Wayne (D.C. Bar 888273445)
(admitted *pro hac vice*)
Elizabeth Cruikshank (D.C. Bar 1614375)
(admitted *pro hac vice*)
Mary B. McCord (D.C. Bar 427563)
(admitted *pro hac vice*)
Institute For Constitutional Advocacy and
Protection (ICAP)
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 415-516-4939
Email: sw1098@georgetown.edu

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2024, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Eastern District of Tennessee, using the electronic case filing system of the Court. This filing will be served in accordance with the Federal Rules of Civil Procedure.

/s/ Seth Wayne