IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

MICHELLE TORRES, *et al.*, on behalf of themselves and those similarly situated,
    Plaintiffs,

v.

W. DOUGLAS COLLINS, in his official capacity as Hamblen County General Sessions Judge, *et al.*,

    Defendants.

Case No. 2:20-cv-00026-DCLC-CRW

### [PROPOSED] DECLARATORY JUDGMENT AND PERMANENT INJUNCTION

Named Plaintiffs, on behalf of themselves and those similarly situated, filed this suit against General Sessions Judge W. Douglas Collins, Judicial Commissioners Nancy Phillips, Kathy Robertson and Katie West-Moore, Clerk of Court Teresa West (collectively, "the bail-setters"), and the Hamblen County Sheriff, challenging the constitutionality of bail practices in Hamblen County. Evidence in the record demonstrates that the bail-setters' practices do not comply with the Sixth and Fourteenth Amendments. Considering the Court's Order & Reasons entered herein, accordingly:

**IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment in favor of plaintiffs, Michelle Torres, Bethany Edmond, Amanda Cameron, and Robbie Johnson-Loveday, both individually and on behalf of all others similarly situated, and against the following defendants in their official capacities: W. Doug Collins, General Sessions Judge of the Hamblen County General Sessions Court; Nancy Phillips, Katie West-Moore, and Kathy Robertson, Judicial

Commissioners; Teresa West, Clerk of Court; and the Hamblen County Sheriff, custodian of individuals held in the Hamblen County Jail. Plaintiffs are granted summary judgment and the following relief.

**<u>Declaratory Relief Against All Defendants in Their Official Capacities</u>**

Against all Defendants in their official capacities, Plaintiffs are granted summary judgment and the following declaratory relief:

The Sixth and Fourteenth Amendments require that proceedings to determine pretrial release conditions must include the following:

1) that a hearing on conditions of release be conducted within a reasonable time period after arrest, and, absent exigent circumstances, no later than 48 hours after arrest;

2) prior to the hearing, notice of the right to the hearing and the required procedures at such a hearing, as described below;

3) an inquiry into the arrested individual's ability to pay, if the court considers financial conditions of release;

4) an opportunity for the individual to be heard and to present evidence on any lawful factor relevant to the decision, including (1) whether they can afford any monetary condition being considered in their case or whether such a condition would act as a barrier to their release, (2) whether the amount being considered is unnecessary to assure their appearance; and (3) whether other alternatives exist to reasonably serve the government's interests short of pretrial detention;

5) disclosure of any evidence presented by the government and the right to confront and cross-examine adverse witnesses;

6) consideration of alternative conditions of release;

7) in any case in which pretrial detention is ordered or a secured financial condition is imposed that the individual is unable to pay, findings on the record by a neutral factfinder explaining why pretrial detention is necessary to ensure that the defendant will appear in the future and/or will not pose a danger to any individual or the community; and

8) representation by counsel, including sufficient time and physical space that permit adequate, confidential consultation with counsel.

## Injunctive Relief Against Hamblen County Sheriff in His Official Capacity

Against Defendant Hamblen County Sheriff, Plaintiffs are granted summary judgment and the following injunctive relief:

The Hamblen County Sheriff is hereby **ENJOINED** from enforcing any secured financial condition of release upon an individual who has not received a hearing on pretrial release conditions within a reasonable time period after arrest at which the following procedural and substantive safeguards were provided:

A. **Procedural Requirements.** At any court appearance that addresses pretrial detention or imposition or maintenance of a secured bond that an arrested individual cannot pay, the individual must be given a meaningful, individualized hearing that includes:

   1. Notice to the individual of the purpose of the hearing and its procedures;

   2. The opportunity to be heard and present evidence;

   3. The right to disclosure of evidence to be presented by the government and to confront and cross-examine adverse witnesses;

   4. Consideration of alternative, nonmonetary release conditions;

   5. Consideration of the necessity of detention in relation to the government's compelling interests (i.e., protecting community safety and against non-appearance);

   6. Representation by counsel; and

   7. Verbal or written findings of fact regarding these factors.

B. **Timing.** A meaningful, individualized hearing must take place within a reasonable time period after arrest, and, absent exigent circumstances, no later than 48 hours from arrest.

C. **Appointment of Counsel**. Counsel must be provided free of charge at the hearing to any individual who is indigent and to any individual who cannot secure other counsel in time for the hearing. During any court proceeding at which release conditions and/or detention are being considered, the individual shall be allowed to communicate fully, expeditiously, and confidentially with their counsel before and during the proceeding.

D. **Ability to Pay.** The individual's social and economic circumstances shall be considered when setting conditions of release.

1. <u>Generally.</u> Prior to an individual being given a release condition that includes a secured financial condition of release, the judicial officer shall make an inquiry into the person's ability to pay the full amount being considered.

2. <u>Inquiry Process</u>

    a. Ability to pay shall be assessed based on the amount of money the individual can pay using the individual's own financial resources as would be available within twenty-four (24) hours of bond being set without sacrificing basic necessities.

    b. The inquiry shall allow the prosecutor, defense counsel, and the individual the opportunity to provide the court with information pertinent to the individual's ability to pay. This information may be provided by proffer and may include statements by the individual, the individual's relatives, or other persons who are present at the hearing and have information about the individual's ability to pay monetary bail.

    c. Information regarding the individual's ability to pay shall be admissible if it is relevant and reliable, regardless of whether it would be admissible under the rules of evidence applicable at criminal trials.

    d. If the judicial officer imposes a secured financial condition of release for an individual whom the judge finds is unable to pay, an entry of a written or verbal recorded finding into the record must be made that asserts the court's findings that:

        1) The individual poses a risk of non-appearance in court or a risk to public safety; and

        2) No less restrictive alternative condition, or combination of conditions, can sufficiently address the specific risks identified.

**E. Waiver of Rights**

1. Waiver of any of the above-listed rights by any individual must be knowing, voluntary, and intelligent. Prior to any waiver, the individual must be informed that they have a constitutional right to an individualized bail hearing with counsel, and include a description of the procedures and findings that such a hearing would entail.

2. No government officer may state or imply that waiver of any of the above-listed rights will create any benefit for the individual, including that their case will be heard or resolved more quickly.

**SO ORDERED**, this _____ day of _____, 2024.

                                                                                                             _____

                                                                                                                   UNITED STATES DISTRICT JUDGE