UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| MICHELLE TORRES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 2:20-CV-00026-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| W. DOUGLAS COLLINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment [Doc. 243]. Plaintiffs are a class of all individuals arrested on warrants out of Hamblen County General Sessions Court (save for capital offenses) (1) who are, or will be, in the custody of the Hamblen County Sheriff; (2) whose bail amount was set in an ex parte fashion by the Defendants authorized by law to set bail for cases pending in Hamblen County General Sessions Court; (3) who have not waived and have not received an individualized bail hearing within a reasonable period of time; and (4) who remain in custody for any amount of time. Plaintiffs initiated this action seeking declaratory and injunctive relief for alleged violations of their rights under the Fourteenth and Sixth Amendments to the United States Constitution as a result of Defendants' bail practices.

Ultimately, the Court found that Plaintiffs were entitled to summary judgment on their claims that Defendants' bail practices violate the right to procedural due process under the Fourteenth Amendment and the right to counsel under the Sixth Amendment [Docs. 229, 241]. Plaintiffs' remaining claims were dismissed [*Id*.]. The Court also permanently enjoined Defendants from engaging in bail practices that violate the foregoing rights [Doc. 241, pg. 12].

1

Plaintiffs now move pursuant to Fed.R.Civ.P. 59(e) to alter or amend the Court's September 30, 2024 Order and Judgment ("Judgment") [Doc. 242] to the extent it permanently enjoined all Defendants, to include a declaratory judgment, and to specifically describe the enjoined conduct [Doc. 243].

"A district court may grant a timely Rule 59 motion to alter or amend judgment to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Doran v. Comm'r of Soc. Sec.*, 467 Fed.Appx. 446, 448 (6th Cir. 2012). Additionally, the court, on motion or on its own, "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed.R.Civ.P. 60(a).

As an initial matter, Plaintiffs seek amendment of the Judgment to add a declaratory judgment stating that Defendants violated Plaintiffs' rights by not complying with the requirements of the Sixth and Fourteenth Amendments and declaring what the Constitution requires at hearings that address pretrial detention [Doc. 243, pg. 2]. Plaintiff's request is well-taken. Although the Court granted summary judgment in favor of Plaintiffs on their claims alleging violations of their procedural due process rights under the Fourteenth Amendment and their Sixth Amendment right to counsel, the Court mistakenly omitted the declaratory judgment requested by Plaintiffs in the Judgment.

Turning to the injunctive relief, Plaintiffs seek to amend the Judgment to limit permanent injunctive relief to Defendant Hamblen County Sheriff ("the Sheriff"), rather than all Defendants, and to specifically describe the enjoined conduct in compliance with Fed.R.Civ.P. 65(d) [Doc. 243, pgs. 2, 3]. Plaintiffs requested preliminary and permanent injunctive relief only as to the Sheriff [Doc. 1, ¶ 124(f)] and the preliminary injunction issued in this action only enjoined the

Sheriff [Doc. 90].  Thus, Plaintiffs' requested amendment of the Judgment to reflect this limitation is also well-taken.

As for the requested amendment for specificity, the Court simply enjoined "bail practices which violate Plaintiffs' procedural due process rights under the Fourteenth Amendment and their Sixth Amendment right to counsel consistent with this Court's previous memorandum opinion and order" [Doc. 242].  As Plaintiffs point out, this is insufficient under Rule 65(d), which provides, in relevant part, that "[e]very order granting an injunction . . . must . . . describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed.R.Civ.P. 65(d)(1)(C).

Based on the foregoing, Plaintiffs' Motion to Alter or Amend Judgment [Doc. 243] is well-taken and **GRANTED**.  Accordingly, the Court's Judgment [Doc. 242], entered on September 30, 2024, is **VACATED**.  An Amended Judgment consistent with the findings herein shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge