UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| MICHELLE TORRES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 2:20-CV-00026-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| W. DOUGLAS COLLINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**AMENDED JUDGMENT**

This case came before the Court on the parties' motions for summary judgment [Docs. 200, 224, 233]. Consistent with the Court's rulings on the foregoing motions [Docs. 229, 241], it is hereby **ORDERED** that plaintiffs, Michelle Torres, Bethany Edmond, Amanda Cameron, and Robbie Johnson-Loveday, both individually and on behalf of all others similarly situated, are entitled to judgment against the following defendants in their official capacities: W. Doug Collins, General Sessions Judge of the Hamblen County General Sessions Court; Nancy Phillips, Katie West-Moore, and Kathy Robertson, Judicial Commissioners; Teresa West, Clerk of Court; and the Hamblen County Sheriff, custodian of individuals held in the Hamblen County Jail.

It is further **ORDERED** that, against all Defendants in their official capacities, Plaintiffs are granted the following declaratory relief:

1) Defendants' practice of setting bail *ex parte* without providing arrestees with the assistance of counsel, an opportunity to be heard at a meaningful time and in a meaningful manner, and other procedural safeguards, violates the Due Process Clause of the Fourteenth Amendment and the Sixth Amendment to the United States Constitution.

2) The Due Process Clause of the Fourteenth Amendment requires the following procedural safeguards when bail is set *ex parte* for an arrestee and the arrestee cannot afford to pay the set amount:

a. a hearing, within a reasonable period of time after arrest;

b. notice of the right to a hearing and the required procedures at such hearing;

c. the opportunity to be heard and present evidence;

d. an individualized inquiry into the arrestee's social and economic circumstances;

e. disclosure of any evidence presented by the government and the right to confront and cross-examine adverse witnesses;

f. findings on the record by a neutral factfinder as to whether a particular bail amount is necessary to ensure that the arrestee will appear in the future and/or will not pose a danger to any individual or the community; and

g. representation by counsel, including the appointment of counsel for any individual who is indigent and to any individual who cannot secure other counsel in time for the hearing, and the ability to communicate fully, expediently, and confidentially with their counsel before and during the proceeding

3) The Sixth Amendment to the United States Constitution requires the assistance of counsel at pretrial detention hearings, *i.e.*, any proceeding in which a judicial officer will determine whether to detain an arrestee prior to trial.

It is further **ORDERED** the Hamblen County Sheriff is hereby **ENJOINED** from detaining any individual on an arrest warrant who, after having bail set in an *ex parte* fashion, was not provided the procedural safeguards listed above within a reasonable time period after arrest.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

ENTERED AS A JUDGMENT:

s/ LeAnna Wilson
Clerk of Court