UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| MICHELLE TORRES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:20-CV-00026-DCLC-CRW |
| | ) | |
| W. DOUGLAS COLLINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court to determine whether the hourly rates Plaintiffs seek for attorneys' fees are reasonable. The Court previously adopted in part and rejected in part the Report and Recommendation ("R&R") of the United States Magistrate Judge regarding Plaintiffs' Motion for Attorneys' Fees and Nontaxable Expenses [Doc. 250]. *See* [Docs. 267, 280]. The Court sustained Plaintiffs' objection and rejected the R&R's recommendation, denying Plaintiffs' request to apply out-of-town market rates, finding that it was reasonable under the circumstances for Plaintiffs to retain out-of-town specialists. [Doc. 280]. The Court adopted the R&R's recommendation regarding the number of compensable hours for each attorney and total amount of nontaxable expenses. *Id.* The Court ordered the parties to file supplemental briefing limited to the reasonableness of the requested D.C. hourly rates. *Id.* Plaintiffs filed a supplemental brief [Doc. 282] to which Defendants responded [Doc. 285]. Plaintiffs then replied with leave of Court [Docs. 287, 289, 290]. Plaintiffs also filed a notice of supplemental authority [Doc. 294]. This matter is now ripe for resolution.

## I.    BACKGROUND

The factual and procedural history of this matter is detailed in the Court's previous Order [Doc. 280] and the Court need not include it here as well.  Plaintiffs retained attorneys at Civil Rights Corps ("CRC") and the Institute for Constitutional Advocacy ("ICAP"), two non-profit organizations based in Washington, D.C.  The Court found that under the circumstances, it was reasonable for Plaintiffs to retain out-of-town specialists.  *See* [Doc. 280].  What remains is for the Court to determine whether the requested Washington, D.C. rates are reasonable.  Plaintiffs seek reimbursement at hourly rates of $450 per hour for work by attorneys with 0–3 years of experience; $550 per hour for work by attorneys with 4–6 years of experience; $800 per hour for work by non-managing attorneys with 7 or more years of experience; and $900 per hour for managing attorneys.[1]  [Doc. 282].  A chart summarizing Plaintiffs' request is included below:

| CRC Attorneys and Staff | | | |
|---|---|---|---|
| | **Hours** | **Rate** | **Fee** |
| Alec Karakatsanis | 63.1 | $900 | $56,790 |
| Ryan Downer | 82.3 | $900 | $74,070 |
| Tara Mikkilineni | 499 | $800 | $399,200 |
| ImeIme Umana | 62.3 | $450 | $28,035 |
| Ellora Israni | 262.8 | $450 | $118,260 |
| Coleman Powell | 112.3 | $250 | $28,075 |
| **CRC TOTAL** | 1081.8 | | $704,430 |
| **ICAP Attorneys** | | | |
| Seth Wayne | 210 | $800 | $168,000 |
| Jonathan Backer | 260 | $550 | $143,000 |

---

[1]    Plaintiffs note that they exercised billing discretion and seek a rate for Mr. Backer for an attorney of 4–6 years of experience although he is now a Senior Counsel and seek a rate for Ms. Israni for an attorney of 0–3 years of experience although she was a mid-level attorney for part of the time she worked on the matter.  [Doc. 282, pg. 2].

2

| ICAP TOTAL | 470 | | $311,000 |
|---|---|---|---|
| **TOTAL** | 1551.8 | | $1,015,430 |

## II.  ANALYSIS

The Court has already determined that Plaintiffs are entitled to recover fees based on the Washington, D.C. legal market.  Accordingly, the only issue before the Court is whether the particular hourly rates requested are reasonable within that market.  Courts calculate a reasonable attorney fee through the applicant's "lodestar" which is the number of hours reasonably expended multiplied by the reasonable hourly rate.  *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).  The reasonable hourly rate is typically calculated by looking to the "prevailing market rate in the relevant community."  *Id.* at 350 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."  *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).  The party seeking an award of fees bears the burden of proving their fee is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Courts consider the following factors in determining the reasonableness of an hourly rate:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).

Considering these factors, the Court finds that Plaintiffs have met their burden of demonstrating that the requested hourly rates reflect the prevailing market rates for attorneys of

3

comparable skill and experience in Washington, D.C. Plaintiffs provided declarations from Tara Ramchandani, a managing partner at Relman Colfax PLLC, a leading national firm in plaintiff-side civil rights litigation, and Jonathan Taylor, a principal of Gupta Wessler LLP, a boutique law firm in Washington, D.C., that focuses on appellate and constitutional litigation on behalf of plaintiffs and public-interest clients. [Docs. 251-5, 251-6]. Both Ms. Ramchandani and Mr. Taylor confirmed that the rates sought by Plaintiffs are consistent with or lower than the rates of civil rights attorneys in Washington, D.C. with comparable skill and experience. *See* [Doc. 251-5, ¶ 11]; [Doc. 251-6, ¶ 8 ("[I]t is my professional opinion that the rates upon which CRC and ICAP base their request for attorneys' fees are reasonable and comparable to rates charged by lawyers with similar experience who have handled civil rights cases on a contingency basis throughout the country.")].

Plaintiffs also cited cases in many district courts around the country that have awarded rates like those requested by Plaintiffs to firms based in Washington, D.C. and confirmed that the requested rates track those set forth in the *Laffey* Matrix. [Doc. 282, pgs. 3–4]; *see, e.g.*, *Tarlton ex rel. McCollum v. Sealey*, No. 5:15-cv-451, 2021 WL 10319395, at *3–4 (E.D.N.C. Nov. 5, 2021) (awarding similar rates for attorneys' fees); *Adcock-Ladd*, 227 F.3d at 347 n. 3 (approving a Washington D.C. based attorney's hourly rate utilizing the *Laffey* Matrix stating it is "an official statement of market-supported reasonable attorney fee rates which was adopted, and is periodically updated, by the United States Court of Appeals for the District of Columbia") (citations omitted). Plaintiffs also provided a notice of supplemental authority directing the Court's attention to a case in which the United States District Court for the Eastern District of Kentucky entered an order on May 6, 2026, awarding attorneys' fees for ICAP attorneys based on rates comparable to or higher than those sought by Plaintiffs. *See* [Docs. 294, 294-1]. For these reasons, the Court finds that

4

Plaintiffs have shown the rates they seek are fair, reasonable, and in line with attorneys of the prevailing market rate at comparable skill and experience levels.

In response to Plaintiffs' supplemental brief, Defendants raise four primary objections to Plaintiffs' requested rates. First, Defendants contend "Plaintiffs' counsel are not primarily Washington, D.C. practitioners" and should not be presumptively entitled to market rates for firms in D.C. [Doc. 285, pg. 4]. Plaintiffs, however, are entitled to attorneys' fees based on the prevailing rates for civil rights lawyers in Washington, D.C., where CRC and ICAP are located. As the Court previously held, Washington, D.C. is the relevant market because Plaintiffs reasonably retained out-of-town specialists. *See* [Doc. 280]. The only remaining question is whether the specific rates requested are reasonable within that market. *See id.* Defendants also cite no authority to support their position that civil rights attorneys with a nationwide practice should not be compensated at the market rate in which they are based, nor has the Court found any support for that argument. Rates for fees are not assessed depending on whether the attorneys primarily practice in the jurisdiction in which their office is headquartered. *Cf. Blum*, 465 U.S. at 895 ("The statute and legislative history establish that 'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel.").

Second, Defendants cite cases from the District of Columbia that have awarded attorneys' fees at lower rates than the rates Plaintiffs are requesting here and reference a case in which the Middle District of Tennessee awarded CRC attorneys a lower rate. [Doc. 285, pgs. 4–6]. Plaintiffs raise, however, that there are many cases in the District of Columbia in which courts have awarded fees higher than those Plaintiffs request. [Doc. 290, pg. 2]. Plaintiffs also explain that the case Defendants mention in which the Middle District of Tennessee awarded CRC attorneys a lower

5

rate is irrelevant because it was part of a negotiated class settlement, and the court did not assess whether CRC's rates were calculated according to the prevailing market rate. *Id.* at 3. Ultimately, Plaintiffs presented competent evidence, including declarations from experienced Washington, D.C. practitioners, comparable fee awards, and prevailing market data that demonstrate the requested rates reflect prevailing rates for attorneys of comparable skill and experience in the Washington, D.C. market. Defendants offered no competing evidence sufficient to undermine that showing.

Third, Defendants argue that Plaintiffs' fees should align with the Fitzpatrick Matrix rather than the *Laffey* Matrix. [Doc. 285, pgs. 7–8]. "The Fitzpatrick Matrix is a fee matrix based on rates that lawyers charged clients for litigating complex cases in [the D.C.] District Court as determined from publicly filed fee petitions and resulting court orders." *Segar v. Garland*, No. CV 77-0081 (EGS), 2024 WL 4332615, at *7 (D.D.C. Sept. 27, 2024) (citation omitted). As Plaintiffs point out, however, they do not request rates based on the *Laffey* Matrix but show that their requested fees are comparable to or lower than the *Laffey* Matrix. [Doc. 290, pg. 3]. Plaintiffs also state that if they were to calculate their rates based on the Fitzpatrick Matrix, they would be entitled to approximately $100,000 more in fees. *Id.* at pgs. 3–4. Accordingly, the Court declines to calculate Plaintiffs' requested fees in accordance with the Fitzpatrick Matrix.

Fourth, Defendants contend that Plaintiffs' fees should not be calculated based on current rates, but on the historical rates from the year in which the work was completed. [Doc. 285, pg. 9]. This argument is not in line with Supreme Court precedent. As it is expected by attorneys that there can be "exceptional delay in the payment of fees" under 42 U.S.C. § 1988, "[c]ompensation for this delay is generally made 'either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value.'" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S.

6

542, 556 (2010) (quoting *Missouri v. Jenkins,* 491 U.S. 274, 282 (1989)).  The Court will therefore compensate for this delay by applying current rates, as *Perdue* expressly permits.  *See id.*

## III.    CONCLUSION

Because Plaintiffs have established that the requested hourly rates are reasonable within the Washington, D.C. market previously determined to be the applicable market, the Court adopts Plaintiffs' requested rates for attorneys' fees as set forth in their original and supplemental briefs. [Docs. 251, 282].  Defendants are hereby responsible for $1,015,430 in attorneys' fees and as stated in the Court's previous Order [Doc. 280], $7,121.13 in nontaxable costs.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge