UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| MICHELLE TORRES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:20-CV-00026-DCLC-CRW |
| | ) | |
| W. DOUGLAS COLLINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court to consider the Report and Recommendation ("R&R") of the United States Magistrate Judge [Doc. 293] on Plaintiffs' Motion to Review Certain Findings by Clerk on Bill of Costs or, in the Alternative, to Award Certain Additional Nontaxable Expenses [Doc. 283]. Defendants filed a response [Doc. 291] and the Court referred the Motion to the Magistrate Judge for a R&R [Doc. 292]. The parties did not file any objections to the R&R. This matter is now ripe for resolution.

Plaintiffs filed a Bill of Costs requesting that $14,561.72, including $14,161.72 in transcript costs and $400.00 in fees of the Clerk, be taxed to Defendants. [Doc. 269]. Defendants filed an objection and asserted that should the Clerk grant any recovery, it should be limited to $3,434.35. [Doc. 275]. The Clerk issued Findings of the Clerk [Doc. 281] and determined that Plaintiffs' allowable costs were $5,141.55. At issue is whether (1) the Clerk should apply the reimbursement rate in effect at the time of the depositions or the rate at the time the Bill of Costs was filed; (2) the transcripts for the state court bail proceedings should be taxable or Plaintiffs should be permitted to amend their request for nontaxable expenses pursuant to 42 U.S.C. § 1988 to include the costs

for the bail transcripts; and (3) Plaintiffs should be permitted to tax the full amount of depositions noticed by Defendants.

As to the bail hearing transcripts rate, the R&R recommends that the Court affirm the Clerk's findings that the reimbursement rate should be the rate at the time when the services at issue were rendered. [Doc. 293, pgs. 4–6]. It finds that Plaintiffs provide no controlling authority to support its argument that the rationale addressing attorney fee calculations set forth in 42 U.S.C. § 1988 to apply the current attorneys' fee rate rather than the historical rate should apply equally to cost reimbursement. The R&R states that Standing Order 23-01, which adopted the rates set by the United States Judicial Conference, sets forth the approved rates for attendance fees and the preparation of transcripts and authorizes the Clerk's practice. *See* SO 23-01 (E.D. Tenn. March 20, 2023).

As to the state court bail transcripts, the R&R recommends that the Court overrule the Clerk's findings and allow these costs because Plaintiffs have established the transcripts were necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(2). [Doc. 293, pgs. 7–10]. It further recommends that the Court should apply the same rate limitation to these state court bail transcripts—the rate at the time they were prepared—for a total cost of $596.70. Because the R&R recommends the costs of the bail transcript hearings be taxed, it also recommends that the Court deny Plaintiffs' request for alternate relief to amend their request for nontaxable expenses pursuant to 42 U.S.C. § 1988 as moot.

As to the depositions noticed by Defendants, the R&R recommends that the Court deny Plaintiffs' request to tax the full amount of depositions noticed. [Doc. 293, pg. 6]. It reasons that Plaintiffs provided no legal support, and it finds no other reasoning to support their request.

2

District courts must conduct a de novo review of a magistrate judge's R&R on a dispositive issue.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A magistrate judge's R&R on a motion for costs is dispositive in nature.  *See* Fed. R. Civ. P. 54(d)(1); *Ma v. Am. Elec. Power Co.*, 697 F. App'x 448, 450 (6th Cir. 2017) ("The referral of Ma's motion to disallow costs to the magistrate judge should have resulted in the magistrate judge's issuing a report and recommendation subject to de novo review."); *see also McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005) ("A Magistrate Judge is not permitted to determine costs or fees, but may make a report and recommendation to the district court on such issues. After being presented with the Magistrate Judge's report and recommendation, the district court must then conduct a de novo review of the findings and issue an order as it sees fit.") (citation omitted).

A de novo review requires the district court to reach "the ultimate determination of the matter" through its own review and discretion.  *United States v. Raddatz*, 447 U.S. 667, 675 (1980).  After its review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 662 (E.D. Mich. 2004) ("If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation.").

The Court has conducted a de novo review of the record, and the Court finds that the R&R properly analyzes the issues presented.  For the reasons set out in the R&R, which are incorporated by reference herein, it is hereby **ORDERED** that the R&R [Doc. 293] is **ADOPTED**. Accordingly, the Court **AFFIRMS** the Clerk's findings as to the rate applied to the transcript costs, **REVERSES** the Clerk's determination as to the state court bail hearing transcripts, **DENIES AS**

3

**MOOT** Plaintiffs' request for alternative relief as to the state court bail hearing transcripts, and **DENIES** Plaintiffs' request regarding the depositions noticed by Defendants.  Plaintiffs' allowable costs are $5,141.55, as set forth by the Clerk's findings [Doc. 281], plus $596.70 for the state court bail hearing transcripts for a total of **$5,738.25**.

  **SO ORDERED:**

       s/ Clifton L. Corker
       United States District Judge